Matthias, J.
 

 The various asserted prejudicial errors upon which this appeal is predicated arise out of one question and the determination of this case rests entirely upon the answer to that question, that is, whether in an action brought by an administrator under the survival statute (Section 11235, General Code) to recover damages for personal injuries to plaintiff’s decedent, who died as a result of such injuries, evidence of decedent’s prospective earnings, had he lived
 
 *210
 
 the period of normal expectancy as shown by mortality tables, is admissible.
 

 The trial court answered that question in the negative and instructed the jury accordingly after rejecting various requests for special instructions presented by counsel for plaintiff, which were in substance that the jury, in determining the amount of its verdict, should take into consideration compensation for the loss sustained by reason of deprivation of ability to work and earn money during the period of time the decedent would probably have lived had his death not resulted from the accidental injuries sustained.
 

 While all question as to the right of the administrator to maintain this action was settled beyond controversy in this state by the decisions of this court in the cases of
 
 Mahoning Valley Ry. Co.
 
 v.
 
 Van Alstine, Admr.,
 
 77 Ohio St., 395, 83 N. E., 601, 14 L. R. A. (N. S.), 893, and
 
 May Coal Co.
 
 v.
 
 Robinette, Admr.,
 
 120 Ohio St., 110, 165 N. E., 576, 64 A. L. R., 441, the question here presented has not previously been before the court for consideration.
 

 The ground upon which evidence of prospective earnings of the deceased was sought to be introduced was that, if an action based upon a claim of permanent injuries had been instituted by the person injured, evidence would have been admissible to show his probable length of life and thereby furnish a basis of computation of the loss resulting from his inability to work and earn money from the time of his injury to the probable time of his death. However, a complete answer to this proffer of evidence is that, while it tends to show the probable length of life and the estimated time of death, it has no place in this case, for the actual time of death is established and it becomes unnecessary to deal in probabilities. Where death has actually occurred, the theory of prospective damages included in such survival claim has no place whatevér. Mortality tables are competent because they are regarded as the best
 
 *211
 
 evidence of life expectancy; but they have no applicability and their competency therefore disappears When there is no expectancy of life to calculate. Fact had been substituted for prophecy. Death is not a matter of the future; it had already occurred. What had been uncertain and speculative became definite and certain; what had been unknown became known. The loss sustained by an injured person accrues at the time of his death, and it is the wrongful death which gives rise to a cause of action on behalf of the designated next of kin.
 

 It must be concluded, therefore, that in the survivor action recovery by the administrator is limited to such damages as the deceased might have recovered had he lived, but for no loss of earnings extending beyond the time of his death. This view is supported by the Supreme Court of Nebraska in the case of
 
 Hindmarsh, Admr.,
 
 v.
 
 Sulpho Saline Bath Co.,
 
 108 Neb., 168, 187 N. W., 806. The facts involved in that case are substantially the same as those in the instant case and the statutory provisions applicable are substantially the same as those of Ohio.
 

 This same rule has been stated in the case of
 
 Atchison, T. & S. F. Rd. Co.
 
 v.
 
 Chance, Admr.,
 
 57 Kan., 40, 45 P., 60, in the following language:
 

 “Instruction 21 was somewhat vague and uncertain as to the fourth element of damage, and it was this, no doubt, that caused the inquiry of the jury as to whether damages for permanent injury were limited to the actual lifetime of the person injured; and this called forth the further instruction of the court that such damages were not limited to the lifetime of Finnegan. In the answer of the jury to the particular question of fact regarding the length of time taken into consideration as a basis for an estimate, the jury evidently had regard to the expectancy of the life of Finnegan, although no evidence was introduced upon the subject. We think, however, that such evidence
 
 *212
 
 would uot have been admissible, for expectancy is only to be resorted to in the absence of certainty, and as the life of Finnegan was terminated before the trial, there was no basis for an estimate of damages extending beyond that period. Damages for the permanent deprivation of health and of the capacity to work and enjoy life should therefore be limited to the period extending from December 1, 1890 [the date of injury] to October 18,1891. (Busw. Pers. Injur. Sec. 20.)”
 

 A later case applying this rule is Adelsberger,
 
 Admx.,
 
 v.
 
 Sheehy, Admr.,
 
 336 Mo., 497, 79 S. W. (2d), 109, where the court holds that an administrator, reviving and continuing a personal injury action after plaintiff’s death, can recover compensation for physical and mental pain and suffering, loss of wages, and medical and hospital expenses, but not for loss of earnings because of impaired earning capacity for period of his life expectancy.
 

 It follows that there was no prejudicial error in the exclusion of the evidence in question or in the instructions of the court respecting the measure of damage. The judgment of the Court of Appeals is therefore in all respects affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner, Williams, Hart, Zimmerman and Bettman, JJ., concur.