See also 102 F.Supp. 494.

**FIRST NAT. BANK IN GREENSBURG
et al. v. M. & G. CONVOY, Inc. et al.
(SHUGART et al., third party defendants).**

Civ. A. Nos. 8578, 9156.

United States District Court
W. D. Pennsylvania.

June 25, 1952.

Fred B. Trescher and Christ C. Walthour, Jr., Greensburg, Pa., for plaintiff.

Joseph F. Weis, (of Sheriff, Lindsay, Weis & McGinnis), Pittsburgh, Pa., for intervening plaintiff.

Wallace E. Edgecombe, Pittsburgh, Pa., for defendant Convoy, Inc.

H. A. Robinson (of Dickie, McCamey, Chilcote, Reif & Robinson), Pittsburgh, Pa., for defendant Blodgett Uncrated Furniture.

Donald M. Bane (of Prichard, Lawler, Malone & Geltz), Pittsburgh, Pa., for Royal Transp. Co.

GOURLEY, Chief Judge.

This action is based on negligence. A most extensive pre-trial has been held. The First National Bank in Greensburg has brought suit as Administrator of the Estate of Grady M. Griffin, whose demise it is alleged was caused in a truck accident within the jurisdiction of this court.

■ In Pennsylvania, where death occurs as the result of an automobile accident, there are two rights of action against the tort-feasor. One is provided by the Act of 1855, P.L. 309; 12 P.S. § 1602, and is known as "Wrongful Death Statute." This Act gives to certain surviving relatives the right to recover for the pecuniary loss to them caused by the death. In addition, however, there is another death statute in Pennsylvania, often referred to as the "Survival Statute," namely, the Act of July 2, 1937, P.L. 2755; 20 P.S. § 772, which amended Section 35(b) of the Fiduciaries Act of 1917, P.L. 447, and is now incorporated in Sections 601 and 603 of the Fiduciaries Act of 1949, P.L. 512; 20 P.S. §§ 320.601 and 320.603.

The statute of limitations under the Wrongful Death Statute is one year, and under the Survival Statute is two years. Stegner v. Fenton, 351 Pa. 292, 40 A.2d 473.

An identical action was brought in the Court of Common Pleas of Westmoreland County, Pennsylvania, at No. 832 August Term, 1949, under both the Wrongful Death and Survival Statutes. On motion of defendants, a compulsory nonsuit was entered by the said court.

By reason of the running of the statute of limitations under the Wrongful Death Statute, the proceeding before this court is limited to an action under the Survival Statute.

Under the Survival Statute in Pennsylvania it is provided that when one wrongfully killed has brought no suit during his lifetime, his personal representative may bring an action on behalf of his estate. Under this statute the action can be brought within two years from the date of the accident. Section 2 of the Act of July 2, 1937, P.L. 2755; 20 P.S. § 772, which amended Section 35(b) of the Fiduciaries Act of 1917, P.L. 447, and is now incorporated in Sections 601 and 603 of the Fiduciaries Act of 1949, P.L. 512; 20 P.S. §§ 320.601 and 320.603; Stegner v. Fenton, supra.

The Court is confronted with the novel issue of determining the measure of damages which can be recovered under the Surival Statute, where no cause of action is pending due to the running of the statute of limitations under the Wrongful Death Statute.

Plaintiff contends that the personal representative under the Survival Statute may recover the earnings of the deceased person during the period of his life expectancy, less the probable cost of his maintenance, reduced to its present worth. Counsel rejects the right to deduct therefrom the normal expenditures which the deceased would incur for the maintenance of his widow and child.

Defendants urge upon the court that damages under the Survival Statute may not encompass the normal cost for care of the widow and child; that such damages may be awarded only by invoking the Wrongful Death Statute under which provision surviving relatives may recover for the pecuniary loss caused them by the death.

The problem resolves itself into the issue of whether the damages recoverable under the Survival Statute are distinct and separate from those damages recoverable under the Wrongful Death Statute, or are they complementary and interrelated, so that the elements of recovery under the Wrongful Death Statute may be incorporated into and commingled with the elements of recovery under the Survival Statute, when the action is brought under the Survival Statute alone.

The Court and counsel have made a complete and exhaustive research of the authorities on the subject. Neither the Supreme Court of Pennsylvania, the United States Court of Appeals for the Third Circuit, nor the Supreme Court of the United States have ruled on this interesting and provoking issue.

The various ramifications and bases of damages underlying the two statutes have received detailed treatment among the following cases: Murray v. Philadelphia Transportation Co., 359 Pa. 69, 58 A.2d 323; Pezzulli v. D'Ambrosia, 344 Pa. 643, 26 A.2d 659; Pantazis v. Fidelity & Deposit Co. of Maryland, 369 Pa. 221, 85 A.2d 421; Siidekum v. Animal Rescue League of Pittsburgh, 353 Pa. 408, 45 A.2d 59; Gaydos v. Domabyl, 301 Pa. 523, 152 A. 549; Stafford v. Roadway Transit Co., 3 Cir., 165 F.2d 920. But none have ruled specifically on the point herein raised.

■ It is my judgment that the two statutes are distinct and separate, and the elements of recovery under one may not arbitrarily be conferred upon the other. For, to assume otherwise, would destroy, by judicial fiat, the significance and affect of the Wrongful Death Statute. Thus, the running of the statute of limitations, under the Wrongful Death Statute, limited to one year in Pennsylvania, could be evaded with complete abandon, by claiming substantially the identical damages under a survival action, under which latter act the statute runs for a two year period.

I do not believe that the legislature intended the provisions of the Wrongful Death Statute to be illusory and perfunctory.

The view I have taken is buttressed by two recent decisions of the United States Court of Appeals for the Third Circuit. In the case of Wells v. Simonds Abrasive Company, 195 F.2d 814, the appellate court holds:

"That actions under the Death and Survival Acts 'are entirely dissimilar in nature'; under the Death Act the cause of action ' * * * is for the benefit of certain enumerated rela-

tives of the person killed by another's negligence; the damages recoverable are measured by the pecuniary loss occasioned to them through deprivation of the part of the earnings of the deceased which they would have received from him had he lived'; and that the cause of action under the Survival Act 'merely continues in his personal representatives the right of action which accrued to the deceased at common law because of the tort; the damages recoverable are measured by the pecuniary loss occasioned to him, and therefore to his estate, by the negligent act which caused his death.' "

and in the case of Patton v. B. & O. R. Co., the appellate court holds:

"In an action for wrongful death the recovery, if any, passes to a limited group of beneficiaries as defined by statute. The recovery is apportioned among the beneficiaries in accordance with the intestate laws of Pennsylvania without regard to a decedent's will and the sum recovered is not available to creditors of the decedent. See the provisions of the Act of April 26, 1855, P.L. 309, § 1, as amended by the Act of April 1, 1937, P.L. 196, § 1, 12 P.S.Pa. § 1602. In a survival action the recovery enures for the benefit of the decedent's estate. Not only is it available to creditors, but likewise it passes in applicable cases to legatees pursuant to will."

■ I, therefore, conclude that in a survival action alone the measure of damages must be calculated on what the earnings of the deceased person would have been during the period of his life expectancy, taking into consideration reduction or possible cessation thereof upon the approach of the infirmities of old age, reduced to its present worth, to be deducted therefrom the probable cost of his maintenance as well as the probable cost of the maintenance of his widow and child.

To conclude otherwise would permit the plaintiff to recover indirectly what the law provides he could not recover directly.

· This unfortunate situation, as far as the heirs of the deceased are concerned, rests with the legislative rather than the judicial branch of our government.