JOHN M. DONAHUE, ADMINISTRATOR (ESTATE OF JOHN H. MEYER) *v.* NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 113083

Memorandum filed February 6, 1959

*Robinson, Robinson & Cole,* of Hartford, for the plaintiff administrator.

*Schofield, Fay & Courtney,* of Hartford, for Fill-orama Construction Company, Inc., intervening plaintiff.

*Thomas J. O'Sullivan,* of New Haven, for the defendant.

FITZGERALD, J. The plaintiff administrator brought this action against the defendant railroad on behalf of the estate of John Henry Meyer, late of the town of Enfield, Connecticut, to recover damages for the death of his decedent at a railroad crossing in Enfield on the afternoon of August 20, 1957. Before the trial was had in October, 1958, the Fillorama Construction Company, Inc., was permitted to intervene as a coplaintiff, under a provision of the Connecticut Workmen's Compensation Act, as the employer of Mr. Meyer at the time of his death. The trial of the case occupied three court days before a jury of twelve. On the late afternoon of October 16, 1958, the jury returned a verdict for the plaintiff administrator after a deliberation of two and one-half hours, and awarded damages of $46,000. In passing, it may be noted that by agreement of counsel the actual presence in the case of the intervening coplaintiff was not disclosed to the jury.

The defendant has moved to set aside the verdict on the following grounds: (1) contrary to law; (2) against the evidence; (3) excessive. Since the entire charge of the court and exceptions thereto,

which comprise in the over-all forty-six pages of typing, were ordered of the reporter by counsel as well as some of the transcript of evidence, arguments on the within motion were delayed until January 5, 1959.

It may be noted that the defendant does not now urge that the death award of $46,000 was excessive. The decedent at the time of his death, which was virtually instantaneous with the collision between the truck he was operating and the defendant's diesel engine, was twenty-seven years of age and earning $72 a week with a life expectancy actuarially of forty-three years. He was survived by a widow and an infant child. The only item of special damage was the funeral bill, which was about $1000. It may also be noted that the defendant does not particularly urge that the verdict as such is contrary to law. However, there was one specific request to charge submitted by the defendant which the court did not give and which the defendant feels should have been included in the charge as given. This aspect will be considered later.

Primarily, it is the defendant's position that the verdict is against the evidence from the standpoint that the jury should have concluded that the plaintiff's decedent was himself contributorily negligent in one or more material respects, and that such was a bar to a plaintiff's verdict in any event on the issue of proximate cause. A reading of the charge discloses that the court considered in detail with the jury the plaintiff's allegations of negligence on the part of the defendant, acting by and through its employees, both at common law and under relevant statutes; that any such negligence, if found to be actionable, must be a proximate cause in bringing about the collision and the death of the plaintiff's decedent; and the defendant's position in regard to its claim of contributory negligence on the part of

the plaintiff's decedent. In considering the latter phase of the case, the charge further discloses that the court's instructions were both minute, labored and extensive. In concluding its instructions on this specific phase, the following statements appear in the charge: "If the defendant satisfies you by a fair preponderance of the evidence that the plaintiff's decedent was contributorily negligent, and that such was in a material and substantial respect, the plaintiff's case fails. This is so even though the plaintiff has satisfied you that the defendant was negligent in one or more respects, and that such negligence was of a substantial character. The law recognizes that the negligence of two persons, such as the plaintiff's decedent and the defendant's engineer may combine and concur and when combined and concurring constitute the proximate cause or substantial factor in causing the happening of an event such as a collision and death. If that be the situation in a case of this character, a plaintiff must be denied a recovery of damages."

Early in the charge, after informing the jury of the nature of the case and stating the usual rules regarding burden of proof and the like, the court made a resume of the undisputed facts in the case. Counsel noted their agreement to the accuracy of that resume. Such resume was as follows: "In this case, as in all cases, there are certain subordinate facts which are not in dispute between the parties. This is so even though the pleadings may not have it appear that such is the situation. I shall limit a statement of such to a bare recital and avoid matters of factual controversy, the latter being for you alone to decide amidst the conflicting claims.

"Moody Road is a public highway in the Town of Enfield running in an easterly and westerly direction, and it extends between the town of Somers on the east and Route 5 on the west. A single rail-

road track of the defendant used by it in the transportation of freight runs north and south and crosses Moody Road. The highway is 18 feet and 8 inches in width in the vicinity of the railroad crossing and the railroad track is 4 feet and 8½ inches in width between its easterly and westerly rails, a standard width of a set of railroad tracks in this country.

"At about 4:30 or a few minutes thereafter on the afternoon of August 20, 1957, the plaintiff's decedent, John Henry Meyer, was operating a pickup truck in a westerly direction on Moody Road. At about that time a diesel engine of the defendant, operated by its engineer, Johnston, and drawing six empty box cars and a caboose was traveling in a southerly direction on the railroad track. Both the truck and the train were approaching the crossing in question. At that time there was grown brush commencing at a point 4 feet east of the easterly rail of the track and extending for some distance north thereof. The highway east of the track, from which direction the plaintiff's decedent had been coming was straight for some 600 feet before the crossing. The front of the engine came in contact with the right side of the truck as the truck was in process of crossing the track and as the engine was in the process of crossing the highway. After the train came to a stop following the collision, the front of the engine was 648 feet south of the crossing, if the measurements taken by the police officer were correct, and was carrying the truck on its front fender. The dead body of the deceased was 180 feet south of the crossing and between the rails.

"The railroad track in question in recent years was used by the defendant for hauling freight between Springfield on the north and East Hartford on the south. There was a sign on the north side of the highway about 38 feet east of the east rail

of the track which carried this marking: 'Railroad Crossing – Stop – Look – and Listen.' This sign would be on the right side of the highway as the plaintiff's decedent was approaching the crossing from the east traveling west. That was the side of the highway from which the defendant's train was traveling, from north to south, before arriving at the crossing. There was also a small circular sign about 148 feet east of the east rail on the north side of Moody Road. If it were not obscured by dirt or other substance at the time so as to make it illegible, it would have disclosed the letters: 'RR—X.' "

As already stated, the allegations of negligence recited in the plaintiff's complaint were fully discussed in the charge. The same is also true regarding the defendant's special defense of contributory negligence. Because that defense was drafted in very general terms, the court considered in detail with the jury the defendant's position thereunder in the light of its offers of proof. As a prelude to considering certain factual aspects in regard to the defendant's claim of contributory negligence, the court said to the jury: "In this case the defendant strongly contends that the plaintiff's decedent was materially at fault. You must consider the evidence laid before you regarding the character of the crossing and things which the plaintiff's decedent knew or should have known, had he been in the exercise of reasonable care."

It was a further undisputed fact that the plaintiff's decedent had been a resident of Connecticut and of the town of Enfield for about three weeks before the day of his death. He was alone in the truck. His brother, who was also a newcomer in the vicinity, testified that he was not aware of the fact that the track in question was in use by the railroad. Actually the track was used by the defendant in the hauling of freight twice daily on only

three or four days a week. The jury could have
found that a heavy growth of brush, starting at a
point some few feet east of the easterly rail of the
track and extending northerly of the crossing, ob-
scured the view of the plaintiff's decedent of that
portion of the track and of the approaching train
until the front of his truck reached the crossing. As
a matter of fact, this aspect was not really in dis-
pute. So also, the jury could have attached infer-
ences to the clearing of the brush by the defendant
on the following day. Assuming without conceding
that the jury found that the whistle and/or bell of
the engine sounded within the statutory distance
from the crossing, they could have found that cer-
tain objects in the rear of the truck made a sufficient
noise by moving about while the truck was in motion
as to have prevented the plaintiff's decedent from
hearing the approach of the train. If the jury ac-
cepted the testimony of the brother that he was not
aware of the fact that the track was in use by the
railroad, they could well have concluded that the
plaintiff's decedent was of the same mind.

It is to be remembered that the track in question
was not in fact used to any great extent by the de-
fendant and that the presence of heavy brush could
be construed as giving an atmosphere of abandon-
ment to one whose status was that of a newcomer
in the community and not living in proximity to the
track. To be sure the sign on the north side of the
highway thirty-eight feet east of the crossing enters
into the case from the standpoint of the defendant's
liability and the defendant's claim of contributory
negligence of the plaintiff's decedent. But all fac-
tors were submitted to the jury for their considera-
tion. A smaller sign at a greater distance east of the
crossing could have been found by the jury to have
become obscured by dirt, in the light of conflicting
evidence. So also, the jury could have accepted the

plaintiff's offer of proof that on the late afternoon of the day in question the setting sun which the plaintiff's decedent was facing in his westerly operation along the highway had a blinding effect upon the vision of an operator situated as was the plaintiff's decedent.

The kind of verdict returned reflects findings by the jury that the defendant, acting by and through its employees, was negligent in at least one respect, if not more than one; that such negligence, be it in one or more particulars, was a proximate cause of the collision and of the death of the plaintiff's decedent; and that the plaintiff's decedent was himself not contributorily negligent in any material respect. Granting that the factual questions involved were close, the court is impelled to the conclusion that it is powerless to set the verdict aside as being against the evidence. Such were questions of fact, and the plaintiff had a constitutional right to have the jury pass upon them. The jury has done so. See *Robinson* v. *Backes,* 91 Conn. 457, 460; *Ardoline* v. *Keegan,* 140 Conn. 552, 555.

It was the plaintiff who took the greater number of exceptions to the charge as given and not the defendant. In the main, the charge contained practically all of the requests to charge submitted by the defendant. In point of fact, request No. 10 of the defendant was the only one not given in specific terms. But the court did discuss with the jury the question whether the whistle and/or bell of the engine was sounded as required by statute. Rev. 1949, § 5530 (Rev. 1958, § 16-145). The position of the parties in regard to this aspect was stated, as well as the requirements of the statute. So also, the court referred to the testimony of three witnesses on this phase, two of whom testified that they heard the blowing of the whistle and the ringing of the bell, and one who testified to the contrary. A Mr.

and Mrs. Trickett, husband and wife, differed in their testimony on this aspect. However, they were both at different locations as the engine was approaching the crossing.

In argument on the motion to set aside the verdict, the defendant invokes the result obtained in *Douglas* v. *New York, N.H. & H.R. Co.,* 110 Conn. 145 (1929). That is a case in which the plaintiff was operating a truck across railroad tracks on a private road. A verdict for him was set aside, and the Supreme Court affirmed. At that time (1929) the burden of pleading and proving due care on the part of a plaintiff was placed on a plaintiff. The burden now is upon a defendant if contributory negligence is relied upon as a defense. Rev. 1949, § 7836 (Rev. 1958, § 52-114). This is the short answer to the *Douglas* case as applied to the problem at bar.

Since contributory negligence of the plaintiff's decedent is the real crux of the motion presented for consideration, the following quotation from our case law is deemed apropos: " 'It is of course true that one must make a reasonable use of his senses in order to avoid danger. This involves a mental process, however, and the attention required is proportioned to the danger reasonably to be apprehended. . . . Whether the plaintiff's decedent was guilty of contributory negligence . . . was a question of fact for the jury and not one of law for the court.' " *Baraglia* v. *Brihart,* 134 Conn. 690, 693, quoting from *Lutzen* v. *Henry Jenkins Transportation Co.,* 133 Conn. 669, 673.

The over-all conclusion reached by the trial judge is that the plaintiff's verdict is sustainable in law and upon the evidence submitted, and that it is not excessive in amount. It follows, therefore, that the defendant's motion is required to be, and is, denied.

Ordinarily, judgment at this time would be directed to enter on the verdict. As stated in the prefatory paragraph of this memorandum, the employer of the plaintiff's decedent was permitted to intervene as a coplaintiff under a provision of the Connecticut Workmen's Compensation Act. Up to this time the court has not been advised as to the amount of compensation that has been paid to the widow under the act, and of other matters. It may be that as between the initial plaintiff and the intervening plaintiff there is an agreement in regard to such essentials. See Practice Book, Form No. 554. If counsel for the administrator and for the employer cannot agree on the form of a judgment regarding such matters by February 23, 1959, a hearing will be held on March 2, 1959, at Hartford, to determine what is properly due to the intervening plaintiff on the jury's award of $46,000.

Entry of judgment will be deferred to an uncertain date in the future but in no event to extend beyond March 2, 1959. The time for an appeal, if appeal there be, is to run from the entry of judgment and not from the filing of this memorandum.