**348**

Ada B. FOSTER, Administratrix Ad Pros-
equendum of the Estate of Mark Fos-
ter and Ada B. Foster, General Admin-
istratrix of the Estate of Mark Foster

v.

Ruben Dario MALDONADO and James
R. Jones Ruben Dario Maldonado,
Jr., Petitioner.

Civ. A. Misc. No. 1792.

United States Court of Appeals,
Third Circuit.

Sept. 25, 1970.

Carl Kisselman, Kisselman, Devine,
Deighan & Montano, Camden, N. J., for
petitioner.

Bernard V. Kelly, Shackleton and
Kelly, Ship Bottom, N. J., for respondent.

Before STALEY, SEITZ and GIB-
BONS, Circuit Judges.

## MEMORANDUM ORDER

GIBBONS, Circuit Judge.

This matter comes before the Court
on the petition of defendant, Ruben
Dario Maldonado, for leave to take an
interlocutory appeal pursuant to 28 U.S.
C. § 1292(b) (1964) and Rule 5 of the
Federal Rules of Appellate Procedure,
from the interlocutory order of the Dis-
trict Court which determined that in this
wrongful death action the appropriate
choice of law on damages was that of
Pennsylvania rather than New Jersey.
Pennsylvania law would produce a larger
recovery because the Pennsylvania Sur-
vival Act, 20 P.S. §§ 320.601–320.603
(1950), unlike that of New Jersey, per-
mits the decedent's estate to recover the
present net worth of decedent's loss of
earnings during life expectancy, less the
amount of his expected expenditures.
The District Court has certified that an
interlocutory appeal would materially ad-
vance the ultimate determination of the
litigation. Resolution of the choice of
law question at this juncture, however,
followed by a trial on damages only (lia-
bility is conceded) might well produce a
second appeal to this Court raising addi-
tional issues. It would seem more ap-
propriate for the District Court to sub-
mit the damage claim to the jury with

a special interrogatory asking for a separate determination of the present net worth of decedent's loss of earnings during his life expectancy, less the amount of his expected expenditures. In other respects the damage rule in each state is the same. If this procedure is followed, any ultimate appeal may be in a posture for complete and final disposition in this Court, whatever choice of law is approved.

The petition for leave to appeal is, therefore, denied.