433 F.2d 348
 Ada B. FOSTER, Administratrix Ad Prosequendum of the Estate of Mark Foster and Ada B. Foster, General Administratrix of the Estate of Mark Foster
v.
Ruben Dario MALDONADO and James R. Jones Ruben Dario Maldonado, Jr., Petitioner.
 Civ. A. Misc. No. 1792.
 
 United States Court of Appeals, Third Circuit.
 September 25, 1970.
 Carl Kisselman, Kisselman, Devine, Deighan & Montano, Camden, N. J., for petitioner.
 Bernard V. Kelly, Shackleton and Kelly, Ship Bottom, N. J., for respondent.
 Before STALEY, SEITZ and GIBBONS, Circuit Judges.
 MEMORANDUM ORDER
 GIBBONS, Circuit Judge.
 
 
 1
 This matter comes before the Court on the petition of defendant, Ruben Dario Maldonado, for leave to take an interlocutory appeal pursuant to 28 U.S. C. § 1292(b) (1964) and Rule 5 of the Federal Rules of Appellate Procedure, from the interlocutory order of the District Court which determined that in this wrongful death action the appropriate choice of law on damages was that of Pennsylvania rather than New Jersey. Pennsylvania law would produce a larger recovery because the Pennsylvania Survival Act, 20 P.S. §§ 320.601-320.603 (1950), unlike that of New Jersey, permits the decedent's estate to recover the present net worth of decedent's loss of earnings during life expectancy, less the amount of his expected expenditures. The District Court has certified that an interlocutory appeal would materially advance the ultimate determination of the litigation. Resolution of the choice of law question at this juncture, however, followed by a trial on damages only (liability is conceded) might well produce a second appeal to this Court raising additional issues. It would seem more appropriate for the District Court to submit the damage claim to the jury with a special interrogatory asking for a separate determination of the present net worth of decedent's loss of earnings during his life expectancy, less the amount of his expected expenditures. In other respects the damage rule in each state is the same. If this procedure is followed, any ultimate appeal may be in a posture for complete and final disposition in this Court, whatever choice of law is approved.
 
 
 2
 The petition for leave to appeal is, therefore, denied.