JOHN P. BIRO, PERSONAL REPRESENTATIVE OF THE ESTATE OF JOHN MICHAEL BIRO v. ROBERT L. SCHOMBERT, CONSERVATOR OF RICHARD L. SCHOMBERT

[No. 724, September Term, 1978.]

*Decided March 9, 1979.*

The cause was argued before GILBERT, C. J., and LOWE and MELVIN, JJ.

*Ferdinand J. Mack* for appellant.

*Hugh E. Donovan,* with whom were *Donovan & Nash* on the brief, for appellee.

GILBERT, C. J., delivered the opinion of the Court.

John Michael Biro was killed in an automobile collision on December 23, 1976, while operating his motor vehicle on Route 198, a Montgomery County public highway. At the time of his death, Mr. Biro was twenty (20) years old. He is survived by his father, John P. Biro and his mother, Louise P. Biro.

In November 1977, the parents of John Michael Biro brought suit in the Circuit Court for Montgomery County against Robert L. Schombert.[1] The first count of the declaration was filed under Maryland Courts and Judicial Proceedings Code Ann. § 3-904 (Wrongful Death). The Biros asserted that their son was slain as a result of Richard L. Schombert's "negligently" driving "a motor vehicle . . . onto the wrong side of the road and . . . [colliding] head on" with the car driven by John Michael Biro.

Count II of the declaration, grounded on Maryland Estates and Trusts Code Ann. § 7-401, averred that John P. Biro had been appointed as the Personal Representative of his son's estate. By means of Count II, the estate claimed "funeral and burial expenses for John Michael Biro in the sum of $1773.81," as well as future loss of earnings.

Following some preliminary sparring among the litigants in the form of discovery, the appellee, Robert L. Schombert, tried for a "technical knockout" by throwing two "blows" in rapid succession.

First, he sought a "partial summary judgment in its [*sic*] favor on the issue of future damages and injuries to the Estate. . . ." Second, he endeavored to avoid liability to the Biros by maintaining that "no cause of action exists under Maryland's 'Wrongful Death Statute.' "

---

1. Robert L. Schombert is the Conservator of the estate of his son, Richard. The declaration recites that Richard was the operator of the automobile that struck Biro's car.

The appellee met with a measure of success in that Judge Ralph G. Shure entered a "summary judgment ... in favor of ... Robert L. Schombert ... limiting recovery" by the Estate of John Michael Biro "to $2,000.00 funeral expenses." *See* Maryland Estates and Trusts Code Ann. § 7-401 (x) (2). Schombert's motion as to Count I was denied. The partial summary judgment victory in this case is like an eight-point lead in a football game with but two minutes to play. It looms bigger and bigger. When the loss of future earnings is cut from the amount that the personal representative can recover in his claim, and there is no evidence of conscious pain and suffering, about all that is left to litigate is the liability for payment of the funeral bill. Cognizant that the "meat" had been stripped from his case, and rather than proceed to trial on the remaining count and then have the entire case, including the partial summary judgment, reviewed on appeal, the Personal Representative of John Michael Biro's Estate sought and obtained from Judge Shure a certification "that there is no just reason for delay of the entry of this judgment, and the Clerk shall enter this as a final judgment in accordance with Rule 605 [a], Maryland Rules of Procedure."

Maryland Rule 605 a permits a trial court to enter "a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay *and* upon an express direction for the entry of judgment." (Emphasis supplied.) By directing the entry of the "final judgment," the trial court paved the way for appellate review of the "partial summary judgment." *Brooks v. Ford Motor Credit Co.,* 261 Md. 278, 274 A. 2d 345 (1971); *Borden v. Director, State Department of Assessments & Taxation,* 19 Md. App. 112, 309 A. 2d 773 (1973); *Flores v. King,* 13 Md. App. 270, 282 A. 2d 521 (1971).

The single issue raised by the personal representative, as appellant, is, "[i]n a survival action brought pursuant to [Estates] Article 7-401 Annotated Code of Maryland ... , may a decedent's personal representative recover for loss to the estate, based upon the decedent's loss of prospective income and savings?"

Estates art. § 7-401 provides in pertinent part:

"(a) *Exercise of Powers.* — In the performance of his duties pursuant to § 7-101, a personal representative may exercise all of the power or authority conferred upon him by statute or in the will, without application to, the approval of, or ratification by the court. Except as validly limited by the will or by an order of court, a personal representative may, in addition to the power or authority contained in the will and to other common-law or statutory powers, exercise the powers enumerated in this section.

. . .

"(x) *Prosecute or defend litigation* — He may prosecute, defend, or submit to arbitration actions, claims, or proceedings in any appropriate jurisdiction for the protection or benefit of the estate, *including the commencement of a personal action which the decedent might have commenced or prosecuted,* except that:

(1) A personal representative may not institute an action against a defendant for slander against the decedent during the lifetime of the decedent.

(2) In an action instituted by the personal representative against a tort-feasor for a wrong which resulted in the death of the decedent, the personal representative may recover the funeral expenses of the decedent up to $2,000 in addition to other damages recoverable in the action." (Emphasis supplied.)

The appellant urges us to construe the phrase "including the commencement of a personal action which the decedent might have commenced or prosecuted" to mean that the personal representative, on behalf of the estate, may seek wages that the decedent would have earned during his life expectancy, had he survived. The argument by the appellant

is not new. It has been followed in a number of other jurisdictions,[2] but Maryland has not adopted it.

Appellant states that "[w]hile there is no Maryland case directly in point, the decisions of other states, including the neighboring . . . [Commonwealth] of Pennsylvania, whose law the Court of Appeals relied on in *Smith v. Gray [Concrete Pipe Co.,* 267 Md. 149, 297 A. 2d 721 (1972)], would support the claims asserted by the personal representative."

A review of the Pennsylvania decisions reveals that it has indeed interpreted statutory language similar to that in Estates art. § 7-401[3] to permit the personal representative to recover the earnings that the decedent would have earned had he survived, less, of course, his probable costs of maintenance. *Ferne v. Chadderton,* 363 Pa. 191, 69 A. 2d 104 (1949); *Murray v. Philadelphia Transportation Co.,* 359 Pa. 69, 58 A. 2d 323 (1948); *Pezzulli v. D'Ambrosia,* 344 Pa. 643, 26 A. 2d 659 (1942).

Even if we were to believe that the reasoning of those courts, which permit recovery by the estate of a decedent for the loss of future earnings less probable future expenses, is sound, we may not follow that line of cases because a barrier exists which blocks such a path. Contrary to the appellant's urging on oral argument, we do not "write on a clean slate." The "slate" has been written upon by the Court of Appeals as far back as 1906. At that time the Court decided *Stewart*

---

2. Runyon v. District of Columbia, 463 F. 2d 1319 (D.C. Cir. 1972); Foster v. Maldonado, 433 F. 2d 348 (3rd Cir. 1970), applying Pennsylvania law; Florida Cent. & P.R.R. v. Sullivan, 120 F. 799 (5th Cir. 1903) applying Florida law; First Nat. Bank in Greensburg v. M. & G. Convoy, 106 F. Supp. 261 (W.D. Pa. 1952) applying Pennsylvania law; Donahue v. New York, New Haven and Hartford R.R., 21 Conn. Sup. 282, 154 A. 2d 394 (1959); Tully v. Philadelphia W. & B.R.R., 3 Penne. 455, 50 A. 95 (Del. 1901); Oldsen v. Jarvis, 159 N.W.2d 431 (Iowa 1968); Louisville & N.R.R. v. Garnett, 129 Miss. 795, 93 So. 241 (1922); Putman v. Pollei, 153 Mont. 406, 457 P. 2d 776 (1969); Pitman v. Merriman, 80 N. H. 295, 117 A. 18 (1922); Carlson v. Oregon Short Line & U.N. Ry., 21 Ore. 450, 28 P. 497 (1892); Templeton v. Quarles, 52 Tenn. App. 419, 374 S.W.2d 654 (1963); Warner v. McCaughan, 77 Wash. 2d 178, 460 P. 2d 272 (1969).

3. The then applicable Pennsylvania statute was found in Act of July 2, 1937, P.L. 2755, No. 563, § 2 (b). It provided in pertinent part: "Executors or administrators shall have power . . . to commence and prosecute . . . all personal actions which the decedent whom they represent might have commenced and prosecuted, except actions for slander and for libels. . . ."

*v. United Electric Light & Power Co.,* 104 Md. 332, 65 A. 49 (1906). In that case, the Court traced the history of causes of action bottomed on *Lord Campbell's Act* (9 and 10 Vic., ch. 93) and also the Survival Action beginning in this State with the Act of 1785, ch. 80. Judge McSherry, for the Court, noted that as late as 1860 no pending personal action *"except* actions for slander and for injuries to the person should abate by the death of either or any of the parties to the suit." *Id.* at 335, 65 A. at 50.

By Laws 1888, ch. 262, and codified as Md. Ann. Code art. 93, § 103 (1904), suits for personal injuries were excluded from that class of cases that abated upon death of either or any party to the cause. Then section 103 provided:

> "Executors and administrators shall have full power to commence and prosecute any personal action whatever, at law or in equity, which the testator or intestate might have commenced and prosecuted, except actions of slander...."

The *Stewart* Court said that the above-quoted statutory language standing alone manifests that the decedent "could have brought a suit in his lifetime for the injuries sustained by him...." *Id.* at 337, 65 A. at 51. The difficulty in *Stewart,* as in the case *sub judice,* is that then section 103 did not stand alone anymore than does current Estates art. § 7-401. Both Code of 1904, § 103 and Estates art. § 7-401 must be read and interpreted in the full light of Maryland's erstwhile and present Negligence Causing Death statutes.[4] Those two

---

4. When *Stewart* was decided, the then Wrongful Death Statute was codified in Md. Ann. Code art. 67 (1904). It provided in pertinent part:

"1. Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action and recover damages in respect thereof, the person who would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony.

2. Every such action shall be for the benefit of the wife, husband, parent and child of the person whose death shall have been so caused and shall be brought by and in the name of the State of Maryland for the use of the person entitled to damages; and in every such action the jury may give such damages as they may

statutes, then art. 67 and present Courts art. §§ 3-901 to 3-904, inclusive, are so substantively alike that the *Stewart* construction of former Article 67 and its relationship to the then survival statute, Md. Ann. Code art. 93, § 103 (1904), is equally apposite and controlling upon Courts art. §§ 3-901 to 3-904 [5] and Estates art. § 7-401. Any attempt to distinguish the relevant parts of the latter from the former must fail.

---

think proportioned to the injury resulting from such death to the parties respectively for whom and for whose benefit such action shall be brought, and the amount so recovered, after deducting the costs not recovered from the defendant, shall be divided amongst the above-mentioned parties, in such shares as the jury by their verdict shall find and direct; provided, that not more than one action shall lie for and in respect of the same subject-matter of complaint; and that every such action shall be commenced within twelve calendar months after the death of the deceased person."

5. Current Courts art. §§ 3-901 to 3-904, inclusive, sets out the Maryland Wrongful Death Statutes. It provides in pertinent part:

"§ 3-902. Liability notwithstanding death.

(a) *Action against person causing death of another.* — An action may be maintained against a person whose wrongful act causes the death of another.

. . .

"§ 3-904. Action for wrongful death.

(a) *Primary beneficiaries.* — An action under this subtitle shall be for the benefit of the wife, husband, parent, and child of the deceased person.

(b) *Secondary beneficiaries.* — If there are no persons who qualify under subsection (a), an action shall be for the benefit of any person related to the deceased person by blood or marriage who was wholly dependent upon the deceased.

(c) *Damages to be divided among beneficiaries.* — In an action under this subtitle, damages may be awarded to the beneficiaries proportioned to the injury resulting from the wrongful death. The amount recovered shall be divided among the beneficiaries in shares directed by the verdict.

(d) *Damages if spouse or minor child dies.* — For the death of a spouse, minor child, or parent of a minor child, the damages awarded under subsection (c) are not limited or restricted by the "pecuniary loss" or "pecuniary benefit" rule but may include damages for mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, marital care, parental care, filial care, attention, advice, counsel, training, guidance, or education where applicable.

(e) *Restriction to one action under this subtitle.* — Only one action under this subtitle lies in respect to the death of a person.

(f) *Action to commence within three years.* — An action under this subtitle shall be filed within three years after the death of the injured person.

(g) *Child of parents who have not participated in a marriage*

Judge McSherry, writing for the Court in *Stewart,* noted that the statutory provisions of art. 67 and art. 93, § 103 allow "two, separate, distinct and independent causes of action arising out of the same wrongful or negligent act. . . . As the same act may injure different individuals in different ways there is no reason why those different individuals should not have separate remedies for the recovery of the damages sustained by them respectively, even though those damages flow directly from the same cause." 104 Md. at 340, 65 A. at 52. The two causes of action are not in the alternative. The Wrongful Death Statute, Courts art. §§ 3-901 to 3-904, permits recovery from the party who negligently caused the death.

Damages in such a case are measured by the standard of pecuniary value [6] of the life of the person who was killed to the person or persons entitled to damages. Damages in Survival Statute actions are limited to compensation for pain and suffering sustained, expenses incurred, and loss of earnings, by the deceased from the time of the infliction of the injury to the time of death.

The sum and substance of *Stewart* is that under former and current Maryland law two separate actions arise from a death caused by the negligence of another. Specified persons may maintain a suit for injury to them as a result of the death, Courts art. § 3-904. The other, related in that it stems from the same occurrence but, nevertheless, different action, may be brought by a personal representative, Estates art. § 7-401

---

*ceremony. —* For the purposes of this section, a person born to parents who have not participated in a marriage ceremony with each other is considered to be the child of his mother. He is considered to be the child of his father only if his father (1) has been judicially determined to be the father in a proceeding brought under § 66E of Article 16, or (2) prior to the death of the child, (a) has acknowledged himself in writing, to be the father, or (b) has openly and notoriously recognized the person to be his child, or (c) has subsequently married the mother and has acknowledged himself, orally or in writing, to be the father." Md. Courts & Judicial Proceedings Code Ann. §§ 3-902 & 3-904 (1974 & Supp. 1978).

**6.** Courts art. § 3-904 (d) provides that damages for the death of a spouse, minor child or parent of a minor child is not limited to "pecuniary" loss, benefit, or value.

(x), for pain and suffering sustained by the deceased as a result of the injury, loss of earnings, wages, or other income, and expenses incurred, all accounting from the time of injury to the time of death. Patently, if the claim ceases to accrue as of the time of death, then there can be no valid claim by the estate for loss of future earnings.[7] That is the clear message of *Stewart*.[8]

We hold that Judge Shure did not err in granting the partial summary judgment in favor of appellee with respect to the appellant's claim for loss of future earnings.

One final comment is in order. The appellant urges that "a parent finds it hard to accept the harsh view the law has taken of the value of a child's life...." He notes that under the existing law it is cheaper to kill than to injure. Such a result he argues is unjust.

The answer to appellant's moralistic argument is that 1) the parents are not without a remedy. Maryland's version of Lord Campbell's Act was brought into being for the purpose of invalidating the common law concept of no recovery by any one except the injured person. Hence, when that party died the claim died with him. The Legislature, recognizing the devastating social impact of the common law, wisely provided that the wife, husband, parent, and child, as the case may be, can maintain a suit. Courts art. § 3-904. 2) Over 72 years have passed since the *Stewart* case was decided by the Court of Appeals. The General Assembly has met many times during those years, but they have not seen fit to modify, alter, or change through legislation, the *Stewart* decision. *See Criminal Injuries Compensation Board v. Gould*, 273 Md. 486, 497, 331 A. 2d 55, 63 (1975). Certainly, a reasonable mind can, therefore, properly conclude that the General Assembly meant in former Code of 1904, art. 93, § 103, what *Stewart*

7. The personal representative may, however, maintain a suit for the funeral expenses of the decedent, but he may not recover in excess of $2,000 for that expense.

8. The Maryland construction of the Survival Statute is not unique. Some other States have arrived at the same conclusion. *See, e.g.,* Murphy v. Martin Oil Co., 56 Ill. 2d 423, 308 N.E.2d 583 (1974); Flowers v. Marshall, 208 Kan. 900, 494 P. 2d 1184 (1972); Allen v. Burdette, 139 Ohio St. 208, 22 Ohio Ops. 209, 39 N.E.2d 153 (1942). *See also* S.M. Speiser, 2 *Recovery for Wrongful Death* 2d (1975) ch. 14, § 14:7; 22 *Am. Jur.* 2d Damages § 129 (1965).

said it meant. Moreover, by virtue of that august body's not having changed, except stylistically, what was section 103, one may infer most strongly that it still means today what it meant in 1906.

*Judgment affirmed.*
*Costs to be paid by appellant.*