589 A.2d 956

**GLOBE AMERICAN CASUALTY COMPANY**

v.

**Boo Hyun CHUNG, Personal Representative of the Estate of Bo Hyun Chung.**

**No. 124, Sept. Term, 1988.**

Court of Appeals of Maryland.

May 10, 1991.

W. Barry Wraga (Galiher, Clarke & Galiher, both on brief), Rockville, for petitioner.

David M. Buffington, Daniel W. Whitney, Semmes, Bowen & Semmes, all on brief, amicus curiae, for The Nat. Ass'n of Independent Insurers and American Ins. Ass'n.

John E. Roxon (George E. Meng, Greenan, Walker, Steuart & Meng, all on brief), Landover, for respondent.

Argued before MURPHY, C.J., ELDRIDGE, RODOWSKY and McAULIFFE, JJ., and COLE,* ADKINS** and BLACKWELL,** Associate Judges of the Court of Appeals (retired), Specially Assigned.

PER CURIAM:

On July 13, 1983, at 11:30 p.m., Bo Hyun Chung was operating his service station with his wife, Kum Ja Chung. Barbara Ann Orejuela drove into the service station, filled her tank with gasoline, and revealed to Mrs. Chung that she had no money to pay for the gasoline. Mrs. Chung referred Orejuela to Mr. Chung, who began discussions with Orejuela. The discussions continued as Orejuela got back into her car. Orejuela drove away from the service station while Mr. Chung was still leaning into the driver's side of the car. Mr. Chung died from the injuries he received from being dragged by Orejuela's car.

---

* Cole, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

** Adkins, J., and Blackwell, J., now retired, participated in the hearing and conference of this case while active members of this Court but did not participate in the decision and adoption of this opinion.

Mrs. Chung brought a wrongful death action on behalf of herself and the Chung's only minor child against Barbara Ann Orejuela.[1] A judgment was obtained against Ms. Orejuela. Ms. Orejuela was uninsured, however, and she did not personally satisfy the judgment. Mrs. Chung then made a claim against her husband's uninsured motorist carrier, Globe American, requesting the insurer to pay the wrongful death claim. On April 9, 1984, Globe American forwarded a $20,000 check to Mrs. Chung, representing the per person limit of the uninsured motorist coverage in its policy with Bo Hyun Chung.

Subsequently, on September 13, 1984, the personal representative of the estate of Bo Hyun Chung made a claim under the uninsured motorist endorsement to the Globe American policy on behalf of the decedent's estate. The claim was denied, and the personal representative instituted the present action in the Circuit Court for Montgomery County, seeking an additional $20,000 under the uninsured motorist provision of the decedent's insurance policy. The estate asserted that the insurer was liable up to the per occurrence limit of the policy. On July 13, 1987, the circuit court heard arguments on each side's motion for summary judgment. Globe American's motion was denied. The motion in favor of Chung's estate was granted in part and denied in part, and the case was scheduled for further hearing on October 21, 1987.

Therefter, on October 19, 1987, the parties entered into a consent judgment in the amount of $20,000 in favor of the estate of Bo Hyun Chung. On November 2, 1987, the circuit court approved the consent judgment and entered an order of consent judgment. The consent judgment became final on November 20, 1987, when Globe American's third party complaint against the tortfeasor was dismissed. *See* Maryland Rule 2–602(a). Globe American appealed to the

---

1. The Chungs had four other children. They were, however, all adults and living outside the home at the time of the accident which resulted in the death of Mr. Chung.

Court of Special Appeals which affirmed the judgment, *Globe American Casualty v. Chung,* 76 Md.App. 524, 547 A.2d 654 (1988). The intermediate appellate court held that under the language of Maryland Code (1957, 1991 Repl. Vol.), Art. 48A, § 541, mandating that all liability insurance policies contain uninsured motorist coverage, only a survival action was required to be covered. Thus, according to the Court of Special Appeals, the payment for the wrongful death claim to the insured's widow had been gratuitous and did not absolve Globe American from liability for the survival claim.

■ This Court granted Globe American's petition for a writ of certiorari and limited review to the following question:

"Did the payment by the petitioner of $20,000 exhaust, independently of any releases, all sums which the petitioner was legally obligated to pay as a result of the occurrence, either under the terms of the uninsured motorist coverage of its automobile liability insurance policy or pursuant to Maryland Code, Article 48A, Section 541?"

The parties have essentially broken down this broad question into two issues:

(1) Does the statutorily mandated uninsured motorist coverage extend to wrongful death claims, and

(2) In a wrongful death case arising from an accident where only one person has actually received bodily injury does the per person or per occurrence limit apply to all claims arising from the accident?

We cannot, however, reach these issues because the appeal is from a valid consent judgment entered into by both the petitioner and the respondent. The consent judgment granted to the plaintiff-respondent the relief which he requested. The petitioner's consent to the judgment was not limited merely to form. It is well settled that a party may not appeal from a judgment to which he has consented. *See, e.g., Banegura v. Taylor,* 312 Md. 609, 615, 541 A.2d 969, 972 (1988); *Franzen v. Dubinok,* 290 Md. 65, 68, 427

A.2d 1002, 1004 (1981); *Long v. Runyeon*, 285 Md. 425, 429–430, 403 A.2d 785, 788 (1979); *Suburban Dev. Corp. v. Perryman*, 281 Md. 168, 171, 377 A.2d 1164, 1165 (1977); *First Federated Com. Tr. v. Comm'r*, 272 Md. 329, 332, 322 A.2d 539, 542 (1974); *Lohss and Sprenkle v. State*, 272 Md. 113, 118–119, 321 A.2d 534, 538 (1974); *Rocks v. Brosius*, 241 Md. 612, 630, 217 A.2d 531, 541 (1966); *Mercantile Trust Co. v. Schloss*, 165 Md. 18, 24, 166 A. 599, 601 (1933).

■ Globe American contended in oral argument before this Court that it was appealing the entry of partial summary judgment in favor of Chung's estate. A review of the record, however, discloses that the grant of partial summary judgment was not a final order, that the parties entered into the consent judgment subsequent to the grant of partial summary judgment, and that the consent judgment became final on November 20, 1987, when the claims against all parties to the action were finally determined. Where a party consents to judgment in a case, the party ordinarily may not appeal and obtain review of an earlier adverse ruling in that case. *See, e.g., Suburban Dev. Corp. v. Perryman, supra*, 281 Md. at 170–171, 377 A.2d at 1165; *Lohss and Sprenkle v. State, supra*, 272 Md. at 118–119, 321 A.2d at 538.

The Court of Special Appeals erred in entertaining Globe American's appeal. The appeal should have been dismissed.[2]

JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED, AND CASE REMANDED TO THAT COURT WITH DIRECTIONS TO DISMISS THE APPEAL. PETITIONER TO PAY COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS.

---

2. With regard to the first issue raised by the parties in this case, *see Forbes v. Harleysville Mut. Ins. Co.*, 322 Md. 689, 589 A.2d 944 (1991), filed today. As to the second issue, *see Daley v. United Services*, 312 Md. 550, 541 A.2d 632 (1988), and cases cited therein.