702 A.2d 440

**Shirley JONES, Personal Representative of the Estate of Evelyn V. Manning,**

**v.**

**Brian T. FLOOD, et al.**

**No. 317, Sept. Term, 1997.**

Court of Special Appeals of Maryland.

Nov. 5, 1997.

218

Steven M. Nemeroff (Wortman & Nemeroff, P.A., on the brief), College Park, for appellant.

Christopher R. Dunn (DeCaro, Doran, Siciliano, Gallagher, Sonntag & DeBlasis, L.L.P., on the brief), Lanham, for appellee Flood.

Sean D. Wallace, Marlboro, for appellee Prince George's County.

Thomas A. Farrington, Michael E. Von Diezelski and Farrington & Christian, on the brief, Bowie, for appellee USAA.

Argued before HARRELL, SALMON and EYLER, JJ.

HARRELL, Judge.

On 29 December 1994, at approximately 10:40 p.m., Evelyn Manning was killed in an automobile accident on Route 202 in Prince George's County, Maryland. At the time of her death, Ms. Manning was fifty years old.

On 17 January 1995, the Circuit Court for Prince George's County appointed appellant, Shirley Jones, Personal Representative of Ms. Manning's estate. On 22 March 1995, Ms. Jones brought a survival action grounded on Md.Code (1974, 1991 Repl.Vol.), § 7–401 of the Estates & Trusts Article (ET) in the Circuit Court for Prince George's County against appellees Brian Flood and Prince George's County, Maryland (the County). The complaint asserted that Ms. Manning died as a result of Mr. Flood's negligent operation of a County-owned automobile and claimed funeral and burial expenses, damages for future loss of earnings, punitive damages, and damages for conscious pain and suffering.

Before trial, appellee Flood admitted liability and appellant withdrew the claims for punitive damages and conscious pain and suffering. Appellees filed a motion for partial summary judgment on the ground that appellant was not entitled to recover damages for loss of future earnings in a survival action. On 3 December 1996, the court granted appellees' motion for partial summary judgment. After a bench trial before the Honorable Marvin S. Kaminetz, the court entered judgment in favor of appellant in the amount of $4,175.64 for funeral and medical expenses only. On 24 December 1996, appellant filed this timely appeal.

## *ISSUE*

The single issue raised by appellant, which we have re-phrased, is:

In a survival action brought pursuant to ET § 7–401, may a decedent's personal representative recover damages for the decedent's loss of future earnings?

## *DISCUSSION*

ET § 7–401 provides in pertinent part:

(a) Exercise of powers.—In the performance of his duties pursuant to § 7–101, a personal representative may exercise all of the power or authority conferred upon him by statute or in the will, without application to, the approval of, or ratification by the court. Except as validly limited by the will or by an order of court, a personal representative may, in addition to the power or authority contained in the will and too their common-law or statutory powers, exercise the powers enumerated in this section.

. . .

(x) Prosecute or defend litigation.—He may prosecute, defend, or submit to arbitration actions, claims, or proceedings in any appropriate jurisdiction for the protection or benefit of the estate, including the commencement of a personal action which the decedent might have commenced or prosecuted, except that:

(1) A personal representative may not institute an action against a defendant for slander against the decedent during the lifetime of the decedent.

(2) In an action instituted by the personal representative against a tortfeasor for a wrong which resulted in the death of the decedent, the personal representative may recover the funeral expenses of the decedent up to the amount allowable under § 8–106(b)[ ] of this article in addition to other damages recoverable in the action.

■ Appellant asserts that as a personal representative "bringing a personal injury action on behalf of Evelyn Manning under the survival statute, [she] is entitled to recover the same damages for loss of future earnings which Evelyn Manning could have recovered herself in her own personal injury action had she survived the injury and brought the action herself." Appellant's argument is identical to that of the appellant in *Biro v. Schombert*, 41 Md.App. 658, 398 A.2d 519, *vacated on other grounds*, 285 Md. 290, 402 A.2d 71 (1979): "[A]ppellant urges us to construe the phrase 'including the commencement of a personal action which the decedent might have commenced or prosecuted' to mean that the personal representative, on behalf of the estate, may seek wages that the decedent would have earned during his life expectancy, had he survived." *Id.* at 661, 398 A.2d at 521. Although this argument has been followed in a number of other jurisdictions, Maryland has not adopted it. *Id.* at 661–62, 398 A.2d at 521.

In *Biro*, we held that in a survival action the personal representative may not recover damages for the decedent's lost future earnings. *Id.* at 666, 398 A.2d at 524. Because the personal representative stands in the place of the decedent, recovery is limited to the loss actually caused to the deceased prior to that person's death. Thus, "[d]amages in Survival Statute actions are limited to compensation for pain and suffering sustained, expenses incurred, and loss of earnings, by the deceased from the time of the infliction of the injury to the time of death." *Id.* at 665, 398 A.2d at 523. *See Stewart v. United Electric Co.*, 104 Md. 332, 343, 65 A. 49, 53 (1906) ("[U]nder the survival statute[,] the damages are limited to compensation for the pain and suffering endured by the deceased, his loss of time and his expenses between the time of his injury and his death.").

Although the Court of Appeals vacated our decision in *Biro* without commenting on the merits, several recent cases lend support to the continuing vitality of our *Biro* analysis. *See, e.g., Monias v. Endal*, 330 Md. 274, 279 n. 2, 623 A.2d 656, 658 (1993)("A decedent's lost future earnings are not recoverable in a survival action in Maryland."); *United States v. Streidel,*

329 Md. 533, 540 n.5, 620 A.2d 905, 909 (1993) (in a survival action, "the damages recoverable are only such as the deceased sustained in his lifetime" (citation omitted)); *Fennell v. Southern Maryland Hosp. Center, Inc.*, 320 Md. 776, 792, 580 A.2d 206, 214 (1990) ("Survival action damages currently include conscious pain and suffering as well as medical expenses, but exclude. future loss of earnings, solatium damages, and damages which result to other persons from the death."); *ACandS, Inc. v. Asner*, 104 Md.App. 608, 645, 657 A.2d 379, 397 (1995) ("Damages in a survival action are limited to the damages that would have been recoverable by the decedent had he survived, i.e., appropriate compensation for the time between injury and death . . . ."), *rev'd on other grounds*, 344 Md. 155, 686 A.2d 250 (1996); *Globe American Casualty Co. v. Chung*, 76 Md.App. 524, 539 547 A.2d 654, 661 (1988) (damages in a survival action are "confined to [the victim's] personal loss and suffering before he died" (citation omitted)), *vacated on other grounds*, 322 Md. 713, 589 A.2d 956 (1991).

Appellant nevertheless argues that in a survival action the personal representative should be able to recover damages for the decedent's lost future earnings. Appellant principally relies on *Monias v. Endal*, 330 Md. 274, 623 A.2d 656 (1993), a personal injury case in which the Court of Appeals held that the measure of damages for lost future earnings when the defendant's negligence reduces the plaintiff's life expectancy "is the plaintiff's loss of earnings based on the plaintiff's life expectancy had the tortious conduct not occurred, rather than loss of earnings based on the plaintiff's post-tort shortened life expectancy." *Id.* at 281, 623 A.2d at 660. Appellant argues that "[t]his fundamental rule of damages applies to any personal injury action, whether brought by the tort victim herself or by her posthumous agent under the survival statute." Because appellant, under the survival statute, may commence any personal action that Ms. Manning could have commenced, appellant contends that she also should receive the same measure of damages as Ms. Manning could have received had she lived. Appellant's extension of *Monias* to survival actions is not warranted, in our view.

*Monias* specifically limited its holding to personal injury actions. As Judge Chasanow, for the Court, stated: "We begin our discussion by noting that we are dealing with loss of earnings recoverable in a personal injury action. We are not concerned with loss of earnings in a survival action. We are also not concerned with loss of earnings in a wrongful death action. . . ." *Monias*, 330 Md. at 279, 623 A.2d at 658. In a pointed footnote the Court further noted that "[a] decedent's lost future earnings are not recoverable in a survival action in Maryland." *Id.* at n. 2.

Despite the Court of Appeals's distinction between survival actions and personal injury actions, appellant urges us to apply the damages calculus in *Monias* to survival actions. Had Ms. Manning lived, according to *Monias*, she would have been able to recover damages for loss of future earnings measured by her pre-tort life expectancy. Preventing Ms. Manning's personal representative from recovering those same damages, argues appellant, rewards appellees for their tortious conduct.

■ Appellant, however, leaves an important element out of her equation. In Maryland, two separate actions arise from a death caused by the negligence of another: a survival action and a wrongful death action. *Stewart*, 104 Md. at 338–39, 65 A. at 52. In a wrongful death action, specified persons may recover for injury to them as a result of the death of the tort victim. *Id.* In a survival action, the personal representative may bring suit to recover for pain and suffering sustained by the decedent between the time of injury and death. *Id.*

■ Because both actions may be prosecuted concurrently, a problem arises regarding double recovery. *Globe American*, 76 Md.App. at 537, 547 A.2d 654, *vacated on other grounds*, 322 Md. 713, 589 A.2d 956 (1991). "This problem is avoided when there is no duplication in the elements of damages between the two actions." *Id.* As the Supreme Court stated:

Although originating in the same wrongful act or neglect, the two claims are quite distinct, no part of either being embraced in the other. One is for the wrong to the injured

person and is confined to his personal loss and suffering before he died, while the other is for the wrong to the beneficiaries and is confined to their pecuniary loss through his death. One begins where the other ends, and a recovery upon both in the same action is not a double recovery for a single wrong but a single recovery for a double wrong. *Globe American,* 76 Md.App. at 539, 547 A.2d at 661 (citing *St. Louis & Iron Mtn. Ry. Co. v. Craft,* 237 U.S. 648, 658, 35 S.Ct. 704, 706, 59 L.Ed. 1160 (1915)). Thus, to prevent double recovery, damages in survival actions are "limited to the damages that would have been recoverable by the decedent had he survived, i.e., appropriate compensation for the time between injury and death." *ACandS,* 104 Md.App. at 645, 657 A.2d at 397. Damages in wrongful death actions, "on the other hand, compensate persons who are damaged because of the decedent's death." *Id.*

Because damages for future loss of earnings, based on the victim's pre-tort life expectancy, may be recovered in a wrongful death action measured as the pecuniary value of the life of the decedent, those damages are not recoverable in a survival action. The Court of Appeals has consistently stated that "[s]urvival action damages currently include conscious pain and suffering as well as medical expenses, but exclude future loss of earnings, solatium damages, and damages which result to other persons from the death." *Fennell,* 320 Md. 776, 792, 580 A.2d 206, 214 (1990). The limitation on damages in a survival action has been maintained since *Stewart v. United Electric Light & Power Co.,* 104 Md. 332, 65 A. 49 (1906). We shall not, in this case, overturn over ninety years of precedent. If such is to occur at this time, it will be the legislature or the Court of Appeals that must act to effect that result. If, as appellant contends, the Court of Appeals meant to do so in *Monias,* it will need to say so more plainly. Thus, we affirm the trial court's order granting summary judgment in favor of appellees on the issue of damages for loss of future earnings.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.