**GOVERNMENT OF THE VIRGIN ISLANDS, Appellant**
**v.**
**ZACCHAEAS BLAKE and LEON NISBETT, Appellees**

D.C. Crim. App. No. 95-4

T.C. Crim. Nos. 345 & 346-1994

District Court of the Virgin Islands

Div. of St. Croix

October 18, 1996

MAUREEN PHELAN CORMIER, ESQ., (Asst. Atty. General), St. Thomas, U.S.V.I., *for Appellant*

KATHRYN D. SLADE, ESQ., (Territorial Public Defender), C'Sted, St. Croix, U.S.V.I., *for Appellee Nisbett*

MICHAEL A. JOSEPH, ESQ., C'Sted, St. Croix, U.S.V.I., *for Appellee Blake.*

BEFORE: MOORE, *Chief Judge*, FINCH and DIASE, *Judges*

PER CURIAM

The issue examined in this opinion is whether the Territorial Court should have allowed the Government's interlocutory appeal of evidentiary rulings under V.I. CODE ANN. tit. 4, § 39(d). For the reasons stated herein, we find that the court erred in doing so and we dismiss the appeal for lack of jurisdiction.

## FACTS

Appellees Blake and Nisbett were charged with third degree assault and possession of a firearm during the commission of a crime of violence. On the morning of trial, both appellees made motions *in limine*, which included a motion to exclude certain evidence of prior bad acts under FED. R. EVID. 403 & 404 and for the Government's failure timely to provide discovery under the Federal Rules of Criminal Procedure.[1] The motions had not been filed earlier because appellees had just received from the Government the documents and information on which they were based. After a brief hearing during a recess after the jury had been selected and sworn in, the trial judge granted the majority of the relief sought by the appellees, excluding the prior bad acts evidence as unduly prejudicial and excluding much of the other evidence as disclosed too late and in violation of the discovery rules.

The Government made a motion for an interlocutory appeal on the evidentiary rulings under 4 V.I.C. § 39(d), followed-up by the required certification. The court granted the motion, declared a mistrial, and dismissed the jury. The Government then pursued this appeal under section 39(d).

## DISCUSSION

### A. Statutory Provisions Allowing Appeal by the Government Under Virgin Islands Code

The . . . Government of the Virgin Islands may appeal

---

[1] The rules governing the Territorial Court in effect on the day of trial, November 14, 1994, required the practice and procedure of that court to "conform as nearly as may be to that in the district court in like causes." TERR. CT. R. 7. Thus, the Federal Rules of Criminal Procedure applied to this trial.

154

any other ruling made during the trial of a person charged with an offense under the laws of the Virgin Islands which the United States Attorney or the Attorney General certifies as involving a *substantial and recurring question of law* which requires appellate resolution. Such an appeal may be taken only during the trial and only with the leave of the court. The trial court shall adjourn the trial until the appeal shall be resolved.

4 V.I.C. § 39(d)(emphasis added).

### Under Title 18 of the United States Code

An appeal by the United States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a *substantial proof of a fact material in the proceeding.*

18 U.S.C. § 3731 [P 2] (emphasis added).

### Under Title 48 of the United States Code

The prosecution in a territory or Commonwealth is authorized — unless precluded by local law — to seek review or other suitable relief in the appropriate local or Federal appellate court, or, where applicable, in the Supreme Court of the United States from —

. . . .

(b) a decision or order of a trial court suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the prosecution certifies to the trial court that the appeal is not taken for purpose of delay and that the evidence is a

substantial proof of a fact material in the proceeding
. . . .

48 U.S.C. § 1493.

## B. Interpretation of 4 V.I.C. § 39(d)

■ No court has interpreted section 39(d) at the trial or either appellate level. Any discussion of government appeals has centered on section 39(c), which allows the Government to appeal after the termination of a prosecution. *See, e.g., Government of the Virgin Islands v. David*, 741 F.2d 653 (3d Cir. 1984) (Government appealed order dismissing information); *Government of the Virgin Islands v. Christensen*, 673 F.2d 713 (3d Cir. 1982) (Government appealed acquittal not on the merits). No legislative history has been located.[2]

## C. Interpretation of 4 V.I.C. § 39, 18 U.S.C. § 3731, and 48 U.S.C. § 1493

The concurrence in *Christensen* discussed 18 U.S.C. § 3731 in conjunction with V.I. CODE ANN. § 39 in response to the Government's contention that section 39(c) should be construed the same as 18 U.S.C. § 3731, noting that "such an interpretation would ignore the substantial language variance between the two statutes." *Christensen*, 673 F.2d at 721. (Sloviter, J., concurring).[3] The concurrence even suggests, although without citing legislative history, that the Virgin Islands Legislature intended a more limited right of government appeal.[4]

---

[2] Section 39 was enacted by the Legislature of the Virgin Islands on October 25, 1972 as Act No. 3320. A request to the Legislature for its legislative history produced the response that the microfilm for October 1972 is missing.

[3] Christensen was charged with second degree murder. After the jury rendered a guilty verdict, the defendant filed a motion for a judgment of acquittal. The District Court granted the motion, concluding that certain prosecutorial evidence was improperly admitted. After excluding this evidence, the Court determined that the remainder was insufficient for any reasonable juror to return a guilty verdict beyond a reasonable doubt. The Government appealed from the Court's order granting the acquittal. The United States Court of Appeals for the Third Circuit held that it had authority to hear the Government's appeal and affirmed the District Court's entry of acquittal. *Government of the Virgin Islands v. Christensen*, 673 F.2d 713 (3d Cir. 1982).

[4] The concurrence reads in part:
The title of Act No. 3320, the Virgin Islands statute codified at V.I CODE ANN. tit. 4,

156

Although both section 3731 of the federal criminal code and section 1493 of Title 48 regarding the right of the Government to appeal criminal cases have several parallels in language and in procedures with section 39(c) of the Virgin Islands Code on the same topic, the provision at issue, 4 V.I.C. § 39(d), has no counterpart in either Title 18 or Title 48 of the federal code. The subsection of 4 V.I.C. § 39 here at issue, 39(d), would permit the Government to interrupt a criminal trial to appeal any ruling which "the Attorney General certifies as involving a substantial and recurring question of law which requires appellate resolution."

There are at least two problems we confront in 4 V.I.C. § 39(d), one generic and one specific to the facts of this case. First, neither 18 U.S.C. § 3731 nor 48 U.S.C. § 1493 allows the Government to appeal any ruling after the trial has commenced and before it has ended in a verdict or dismissal — both use the awkward language: "made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information."[5] The second question is whether the rulings made by the trial judge in this case involve "a substantial and recurring question of law which requires appellate resolution." We hold that the answer to the second query is that these evidentiary rulings clearly do not raise such questions of law. In addition, this Court seriously questions

---

§ 39(c), indicates that it was intended to provide only a limited right of appeal to the Government of the Virgin Islands. Its language, "To Provide a *Limited* Right of Appeal to the United States and the Government of the Virgin Islands on Certain Preliminary Determinations in Criminal Cases", (emphasis added) suggests a purpose to permit appeals more limited [than 18 U.S.C. § 3731]. . . . The Virgin Islands Legislature which enacted the statute in question had before it the example of the language in § 3731 had it chosen to give a similar right to appeal to its prosecutor, and could so amend if it chooses to do so.

*Christensen* at 721.

[5] Both 48 U.S.C. § 1493 and 18 U.S.C. § 3731 apply to the Virgin Islands and no conflict exists between them. *Government of the Virgin Islands v. Mills*, 935 F.2d 591 (3d Cir. 1991). Attachment of jeopardy occurs when the jury is empaneled and sworn. *Crist v. Bretz*, 437 U.S. 28, 57 L. Ed. 2d 24, 98 S. Ct. 2156 (1978). The Supreme Court has held that jeopardy attached when the jury was empaneled and sworn, even though the jury was dismissed before any evidence was taken at trial, as occurred in the case presently before us. *Downum v. United States*, 372 U.S. 734, 10 L. Ed. 2d 100, 83 S. Ct. 1033 (1963). Thus, jeopardy had already attached when the Government moved to appeal and the trial judge granted the Government's motion and dismissed the jury.

whether a statute allowing the Government such an appeal during a criminal trial after jeopardy has attached can withstand constitutional analysis.

This Court is unable to find any decisions construing a similar grant to the Government of the right to appeal during a criminal trial, probably due to the double jeopardy problems just alluded to. There is, however, similar language in the federal provision allowing interlocutory appeal in civil cases:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves *a controlling question of law* as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b) (emphasis added).

■ Even in this civil context, not constrained by considerations of double jeopardy, such an appeal during the course of a trial is not clearly contemplated by the language of section 1292(b). Moreover, a "controlling question of law" in section 1292(b) means a matter "serious to the conduct of the litigation, either practically or legally." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir.), *cert. denied*, 419 U.S. 885, 42 L. Ed. 2d 125, 95 S. Ct. 152 (1974). Because the provision is not a vehicle for review of factual matters, an appeal may be dismissed when the court is of the opinion that no such controlling question of law exists. For example, review under section 1292(b) is inappropriate when the issue can be reviewed after the final judgment, *i.e.*, where interlocutory review will not advance the termination of the litigation. *E.g., Foster v. Maldonado*, 433 F.2d 348 (3d Cir. 1970).

Over and above the double jeopardy problem, piecemeal appeals in criminal cases are disfavored. For example, the Supreme Court "has never approved the use of a writ [of mandamus] to review an interlocutory procedural order in a criminal case which did not have the effect of a dismissal." *Will v. United States*, 389 U.S. 90, 98, 19 L. Ed. 2d 305, 88 S. Ct. 269 (1967). Although the Territorial Court judge did dismiss the jury, this is not the issue that the Government here seeks to appeal. It is the trial court's evidentiary rulings which the Government is attempting to appeal; the dismissal of the jury occurred because of and after these evidentiary rulings and upon the Government's motion.

## CONCLUSION

■ ■ ■ No court has ever had occasion to interpret 4 V.I.C. § 39(d). No parallel provision allowing governmental appeal of a substantial and recurring question of law exists in 18 U.S.C. § 3731 or in the Revised Organic Act.[6] Neither the order excluding evidence as a discovery sanction nor the order excluding Rule 404(b) evidence under FED. R. EVID. 403(b) in the middle of a criminal trial presents a substantial and recurring question of law appropriate for interlocutory appeal. Given the general bias against interlocutory appeals in criminal cases, the lack of such a substantial or recurring question of law, and the attachment of jeopardy, we conclude that it was error for the Territorial Court to have certified the Government's appeal under 4 V.I.C. § 39(d). An appropriate order will be entered.

DATED this 18th day of October, 1996.

## ORDER OF THE COURT

AND NOW, this 18th day of October, 1996, having considered the submissions of the parties; and for the reasons set forth in the Court's accompanying Opinion of even date;

IT IS ORDERED AND ADJUDGED that the above-captioned appeal is DISMISSED for lack of jurisdiction.

---

[6] The Revised Organic Act of 1954, 48 U.S.C. §§ 1541-1645 (1996), *reprinted in* V.I. CODE ANN., Historical Documents, 73-177 (codified as amended) (1996) ["Revised Organic Act"].