**ROBERTO SMALLS, Appellant/Cross-Appellee**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee/Cross Appellant**

D.C. Crim. App. Nos. 95-77 & 95-222

T.C. Crim. No. F12-1994

District Court of the Virgin Islands

Div. of St. Thomas and St. John

November 25, 1996

Harold W.L. Willocks, Esq., St. Thomas, U.S.V.I., *for Appellant/Cross Appellee*

Maureen Phelan Cormier, Esq., (Assistant Attorney General), St. Thomas, U.S.V.I., *for Appellee/Cross Appellant*

BEFORE: MOORE, *Chief Judge,* BROTMAN and ROSS, *Judges*

### MEMORANDUM OF THE COURT

PER CURIAM

On January 9, 1994, appellant Roberto Smalls ["Smalls"] shot at an open truck, killing one of the individuals riding in the truck-bed. The Government of the Virgin Islands ["Government"]

charged Smalls in a three count information with murder in the first degree in violation of V.I. CODE ANN. tit. 14, §§ 921 and 922(a)(1)(Count I); assault in the first degree in violation of 14 V.I.C. § 295(1)(Count II); and unauthorized possession of a firearm in violation of 14 V.I.C. § 2253(a)(Count III). Appendix for appellant Smalls ["App."] , Exhibit II.[1] Smalls pleaded not guilty to all three counts and trial began on September 12, 1994. After the Government rested its case, the defense made a motion for a judgment of acquittal pursuant to FED. R. CIV. P. 29,[2] which was denied for the first two counts. The trial judge granted the motion and dismissed Count III, ruling that the Government had failed to prove Smalls' possession of a firearm was unauthorized, a requisite element of the offense.[3] The judge found that 23 V.I.C. § 470 required the Government to prove that Smalls had acquired the gun more than 24 hours before the shooting on January 9.

The jury found Smalls guilty of Counts I and II, and he was sentenced to life in prison without parole on Count I and ten years in prison on Count II, the sentences to be served concurrently. App., Exhibit III. After trial, Smalls moved unsuccessfully for a judgment of acquittal notwithstanding the verdict or, alternatively, for a new trial. App., Exhibits V & VIII. Smalls timely appealed his conviction on a claim of ineffective assistance of counsel.

■ The Government timely appealed the trial court's mid-trial acquittal of Count III based on its finding that the Government's burden of proving that Smalls' possession of a firearm was without authorization. Despite the importance of resolving whether the prosecution or defendant had the burden of establishing the applicability of the 24-hour provision,[4] we reluctantly conclude that this Court does not have jurisdiction to consider the Govern-

---

[1] Counsel for appellant Smalls submitted an unpaginated two-volume appendix, several-hundred pages long, which greatly inhibited the expeditious review of the presented materials.

[2] Rule 29 is applicable to the Territorial Court pursuant to TERR. CT. R. 7.

[3] Supplemental Appendix at 25-34. Smalls' Rule 29 motion was first addressed after the close of the Government's case in September, 1994, but the court did not enter written opinions and orders addressing the issues until July of 1995.

[4] While the trial division of this Court has ruled that the 24 hour requirement is an affirmative defense, not an element of unauthorized possession (*United States v. McKie*, Crim. No. 95-36 (D.V.I. Jan. 18, 1996), *appeal docketed*, No. 96-7010 (3d Cir. Jan. 12, 1996)),

ment's appeal. V.I. Code Ann. tit. 4, § 39(c) authorizes the Government to "appeal an order . . . terminating a prosecution in favor of a defendant . . . as to one or more counts thereof, *except* where there is an acquittal on the merits." (Emphasis added). Accordingly, the Government may not appeal the trial judge's acquittal entered on Count III at the close of the Government's case-in-chief based on the insufficiency of the Government's proof. Section 39, recognizing the constitutional requirements of double jeopardy, bars the Government from appealing the acquittal of Count III.[5]

■ We of course have jurisdiction under 4 V.I.C. § 33 to consider Smalls' appeal of his conviction on Counts I and II of the information raising the issue of ineffective assistance of counsel on appeal. While the Sixth Amendment guarantees that "in all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel,"[6] the general rule in this jurisdiction ordinarily bars ineffective assistance of counsel claims on direct appeal.[7] Although we view nothing in the record as an indicator that counsel was ineffective, if proof exists to support appellant's

---

decisions of the Territorial Court are in conflict. *Compare Government of the Virgin Islands v. Smalls*, 32 V.I. 175 (Terr. Ct. 1995) (the above-captioned trial court decision) with *Government of the Virgin Islands v. King*, 31 V.I. 78 (Terr. Ct. 1995) (addressing the identical issue and holding that the 24 hour requirement is not an element of the crime but rather an affirmative defense).

[5] *See Smalis v. Pennsylvania*, 476 U.S. 140, 90 L. Ed. 2d 116, 106 S. Ct. 1745 (1986) (finding that jeopardy attaches by virtue of the pre-verdict acquittal, barring any future consideration); *United States v. Scott*, 437 U.S. 82, 98, 57 L. Ed. 2d 65, 98 S. Ct. 2187 (1978) (the effect of the trial court's acquittal as a bar to retrial is not affected even if the acquittal resulted "'from erroneous evidentiary rulings or erroneous interpretations of governing legal principles'"; Government of Virgin Islands v. Blake, 1996 U.S. Dist. LEXIS 16136, Crim. App. No. 95-4, V.I. BBS 95CR4A.DX2, 1996 WL 637745 (D.V.I. APP. Oct 18, 1996); *accord, Government of the Virgin Islands v. Christensen*, 673 F.2d 713, 720-21 (3d Cir. 1982) ((Sloviter, J., concurring) (recognizing the Virgin Islands Legislature as the sovereign author of local jurisdictional law, including section 39(c), even before passage of the 1984 amendments to the Revised Organic Act, sometimes referred to as the Virgin Islands' Constitution).

[6] U.S. Const. amend. VI, made applicable to the Territory of the Virgin Islands by section 3 of the Revised Organic Act of 1954, 48 U.S.C. § 1561 (1996), reprinted in V.I. Code Ann., Historical Documents, 86 (codified as amended) (1995).

[7] *Williams v. Government of the Virgin Islands*, Crim. No. 95-5, V.I. BBS 95CR5A.DX2, 1996 WL 517297 (D.V.I. App. July 1, 1996); *see United States v. Gambino*, 788 F.2d 938 (3d Cir.), *cert. denied*, 479 U.S. 825, 93 L. Ed. 2d 49, 107 S. Ct. 98 (1986). A collateral proceeding is the better method to pursue such a claim. *See, e.g., United States v. Theodoropoulos*, 866 F.2d 587 (3d Cir. 1989); Gambino at 950; *Government of the Virgin Islands v. Zepp*, 748 F.2d 125 (3d Cir. 1984).

claim, he may present his claim and other evidence that may otherwise be made available through appropriate proceedings. An appropriate order follows.

DATED this 25th day of November, 1996.

## ORDER OF THE COURT

AND NOW, this 25th day of November, 1996, having considered the submissions of the parties; and for the reasons set forth in the Court's accompanying Memorandum of even date; in the interests of justice,

IT IS ORDERED, that the Government's appeal is DISMISSED for lack of jurisdiction; and

IT IS FURTHER ORDERED, that the Territorial Court judgment dated October 25, 1994 is AFFIRMED.