**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**
**v.**
**LIONEL BARON, Defendant**

Criminal No. ST-03-CR-335

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

October 23, 2006

RENÉE GUMBS CARTY, ESQ., Assistant Attorney General, St. Thomas, Virgin Islands, *Attorney for Plaintiff.*

GEORGE H. HODGE, JR., ESQ., St. Thomas, Virgin Islands, *Attorney for Defendant.*

THOMAS, *Judge*

## MEMORANDUM OPINION

(October 23, 2006)

THIS MATTER is before the Court on Defendant's Motion for a New Trial and for a Judgment of Acquittal, pursuant to Rule 135 of the Rules of the Superior Court and Rule 29 of the Federal Rules of Criminal Procedure, respectively. For the reasons set forth below, the Court will deny Defendant's Motion for a New Trial, grant Defendant's Motion for Judgment of Acquittal on Count I, and deny Defendant's Motion for Judgment of Acquittal on Counts II, III, IV, V, and VI.[1]

---

[1] Baron was charged with:

I: Kidnapping for Robbery

II: Carrying or Using a Dangerous Weapon With the Intent to Use the Same Unlawfully Against Another During the Commission or Attempted Commission of the Crime of Kidnapping for Robbery

III: Assault in the First Degree With Intent to Commit a Robbery

IV: Carrying or Using a Dangerous Weapon With the Intent to Use the Same Unlawfully Against Another During the Commission or Attempted Commission of the Crime of Assault in the First Degree

V: Robbery in the First Degree

## I. FACTUAL BACKGROUND

At 5:30 am on July 6, 2003, Nuris Gonzalez ("Gonzalez") was waiting for a safari to take her to work. (Trial Tr. at 31-32.) As Gonzalez waited a short distance from the gas station near the Medical Arts Complex, a red car drove by, stopped, and the driver asked Gonzalez where she was going. *Id.* at 32. Gonzalez told the driver, defendant Lionel Baron ("Baron") that she was going to work at K-Mart in the country. *Id.* at 33. Baron told Gonzalez that she could go with him. *Id.*

Once Gonzalez got into the car Baron immediately "took off[.]" *Id.* at 34. Shortly thereafter, Gonzalez noticed that Baron seemed nervous, and appeared to be in a hurry. *Id.* at 35. As they neared Western Cemetery, Gonzalez became frightened when she noticed Baron was traveling at a very high rate of speed. *Id.* Baron quickly pulled in between the alley that separates two sections of the cemetery and, while he continued to travel at a high rate of speed, he pulled out a knife, held it to Gonzalez' neck and asked her for her bag. *Id.*

Gonzalez resisted Baron, pulling her bag closer to her body. (Tr. at 35.) Baron responded by putting more pressure on the knife that he held to Gonzalez' neck and again telling her to give him her bag. *Id.* at 36. Baron managed to get Gonzalez' bag from her; she then told him all that she had was three ($3.00) dollars and some documents that were valuable to her but worthless to him. *Id.* Gonzalez, who suffers from a bad leg which she was afraid to injure, asked Baron to slow down so that she could exit his vehicle. *Id.* at 37. Baron did not slow down; instead, he repeated his earlier instructions to Gonzalez to get out of his vehicle, but Gonzalez responded that he would have to slow down, or stop, for her to be able to do so. *Id.* at 38-39. Eventually, Baron slowed down enough for Gonzalez to hold on to the door and jump from the still-moving vehicle. *Id.* at 39. Baron took off, leaving Gonzalez behind. *Id.* at 40. Gonzalez ultimately caught a safari and arrived at work sometime before 8:00 a.m. that morning. *Id.* at 53-55.

---

VI: Carrying or Using a Dangerous Weapon With the Intent to Use the Same Unlawfully Against Another During the Commission or Attempted Commission of the Crime Robbery in the First Degree

## II. ANALYSIS

### A. Motion for a New Trial

■ Baron filed a Motion for a New Trial[2] on the basis that it is "required in the interest of justice," in accordance with Rule 135 of the Rules of the Superior Court.[3] The decision whether to grant a defendant's motion for a new trial is left to the sound discretion of the trial court. *Gov't of the V.I. v. Commissiong*, 706 F. Supp. 1172, 1184 (D.C.V.I. 1989). A trial court may grant a defendant's motion for a new trial on one of two grounds: "First ... if, after weighing the evidence, it determines that there has been a miscarriage of justice." *Id.* (citations omitted). In this instance the court must be convinced "that the evidence is such that the verdict was not 'rational,' or [that] the verdict is against the weight of the evidence." *Id.* "Second, the court must grant a new trial if trial error had a substantial influence on the verdict." *Id.* The court is obliged to grant a defendant a new trial in the second instance only where it finds "reasonable probability that trial error could have had a substantial influence on the jury's decision."[4] *Id.* (*citing United States v. Mastro*, 570 F. Supp. 1388, 1390 (E.D. Pa. 1983)).

### 1. The Weight of the Evidence

■ The Court's role in ruling on Baron's Motion for a New Trial is to weigh the evidence, not to examine its sufficiency or act as a "thirteenth juror." *Commissiong*, 706 F. Supp. at 1184 (citations omitted). The Court may, in so doing, weigh the credibility of witnesses. It is evident that the jury found Gonzalez credible or it would not have returned guilty

---

[2] Baron's post-trial counsel also filed a Motion for a New Trial for the reason that Baron's trial counsel rendered ineffective assistance at trial. In this jurisdiction, however, it is well established that Sixth Amendment ineffective assistance of counsel claims are properly heard in collateral proceedings. *See Smalls v. Gov't of the V.I.*, 950 F. Supp. 698, 699-700, 35 V.I. 173 (D.V.I. 1996); *see also Whitney v. Horn*, 280 F.3d 240, 249 (3d Cir. 2002) (*habeas* used to challenge effectiveness of trial counsel).

[3] Defendant cites both to Rule 135 of the Rules of the Superior Court and Rule 33 of the Federal Rules of Criminal Procedure. Although both Rules provide for the grant of a new trial in the interest of justice, the appropriate Rule for seeking a new trial in the Superior Court is Superior Court Rule 135. *Gov't of the V.I. v. Davis*, 35 V.I. 72, 74 (Terr. Ct. 1997).

[4] *See* discussion of sufficiency of the evidence *infra* Part B.

verdicts on all Counts.[5] Moreover, the weight of the evidence rendered the testimony of Baron's alibi witness, his mother Alex Baron, incredible. In sum, the Court finds that the weight of the evidence supported the guilty verdicts such that they did not constitute a miscarriage of justice.

## 2. The Alleged Error at Trial

According to Baron, a new trial is merited in the instant case because, on the last day of trial but prior to jury deliberations, The Virgin Islands Daily News published an article which revealed the facts of a previous case against him.[6] Baron asserts that the facts of the previous case had been suppressed by the Court. Baron contends that, as a result of the publication, the jury was tainted and he was unfairly prejudiced. A review of the record reveals that during the trial, the Court instructed the jury that, "[a]nything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial." (Jury Charge at 7.) Previously, at the end of the first day of trial, the Court had informed the jury that, "I must remind you at this time, don't read any newspaper, don't listen to any news." (Tr. at 220.) The Court also specifically stated that, "[O]ne of the Daily News reporters was in the courtroom. I don't know how much she got, but if you happen to see this [case] in the newspaper, don't read it." *Id.*

Baron makes no allegation that during the course of the trial any member of the jury read the newspaper article. Nor has Baron submitted any evidence showing that there was any error committed during the course of the trial. Baron's mere allegation, without more, is insufficient to sustain such a showing. Based on the foregoing, Baron's Motion for a New Trial will be denied.

## B. Motion for Judgment of Acquittal

Baron also filed a Motion for Judgment of Acquittal based on insufficiency of the evidence. Baron argues that the Government produced insufficient evidence to prove to a jury, beyond a reasonable doubt, that he was guilty of any of the six (6) Counts. When an appellant

---

[5] Although the jury found there was sufficient evidence to convict Baron on all Counts, the Court must acquit Baron of Count I, Kidnapping for Robbery.

[6] Baron did not provide the Court with a copy of the newspaper article.

challenges a conviction on the basis of insufficiency of the evidence, "[the Court] must view the evidence in the light most favorable to the government." *United States v. Anderson*, 108 F.3d 478, 480 (3d Cir. 1997). The Court must sustain the jury's verdict if a rational jury believing the government's evidence could find beyond a reasonable doubt that the government has proven all elements of the offense. *Id.* at 481. The verdict can be overturned only where "the record contains no evidence, regardless of how it is weighted, from which the jury could find guilt beyond a reasonable doubt. ..." *Id.*

### 1. Sufficiency of the Evidence Count I - Kidnapping for Robbery

■ Baron was charged in Count I with Kidnapping for Robbery in violation of Title 14, Section 1052(a) of the Virgin Islands Code which provides in pertinent part:

> (a) Any person who seizes, entices, kidnaps or carries away any individual by any means whatsoever with intent to hold or detain, or who holds or detains, such individual for ransom, reward ... or to extract from any person ... any money or valuable thing ... or any person who kidnaps or carries away any individual to commit robbery ... is guilty of kidnapping for ransom and shall be imprisoned for life.

14 V.I. CODE ANN. § 1052(a). To sustain its burden the Government must have proven beyond a reasonable doubt that Baron (1) kidnapped, enticed, took or carried away Gonzalez for a substantial distance, *i.e.,* a distance that was more than slight or trivial; (2) with the intent to hold or detain her; and (3) at the time of taking or carrying her away, intended to commit Robbery. Robbery is defined as an "unlawful taking of personal property in the possession of another, from his person or immediate presence and against his will, by means of force or fear." 14 V.I. CODE ANN. § 1861. Both Robbery and Kidnapping share the common element of involuntariness on the part of the victim. As Gonzalez testified, she entered Baron's vehicle and was transported to a secluded location. *See* Tr. 31-39. Baron then took her bag and immediately forced her to jump from his moving vehicle. *Id.* Those events transpired after 5:30 a.m. when Gonzalez was originally waiting for the safari and before 8:00 a.m. when Gonzalez ultimately arrived at work. *Id.* at 31-32 and 55.

95

■ In determining whether a defendant's asportation or detention of another amounts to a kidnapping, four factors are considered:

(1) the duration of the detention or asportation;

(2) whether the detention or asportation occurred during the commission of a separate offense;

(3) whether the detention or asportation which occurred is inherent in the separate offense; **and**

(4) whether the asportation or detention created a significant danger to the victim independent of that posed by the separate offense.

*Gov't of the V.I. v. Berry*, 604 F.2d 221, 227, 16 V.I. 614 (3d Cir. 1979) (emphasis added). As the *Berry* Court emphasized, the period of confinement which is inherently necessary to execute an assault or robbery is insufficient as a matter of law to support a conviction for kidnapping. *Berry*, 604 F.2d at 228. The *Berry* Court explained that, "[n]ecessarily implicit in both of these violent crimes is some limited confinement or asportation. During a robbery it is common for the victim to be confined while the robber takes his money, or to be moved a short distance so as to be secluded from public view."[7] *Id.* at 228.

■ Gonzalez' testimony reveals that Baron transported her a relatively short distance from the Medical Arts Complex to the Western Cemetery where he abandoned her. Gonzalez' testimony also reveals that Baron restricted her only for the length of time required to take her bag, and immediately thereafter demanded that she "get out" of the vehicle. (Tr. at 38-39.) The duration of her detention and asportation was minimal, occurring only during the robbery. The asportation to the alley that separates the two sections of the cemetery created no independent significant danger as it was a means of secluding Gonzales for the purpose of committing the offense of Robbery. Considering the four-pronged test set forth in *Berry*, the Court finds the evidence adduced at trial, viewed in the light most favorable to the Government, insufficient to support a conviction on Count I, Kidnapping for Robbery.

---

[7] This Court, as did the *Berry* Court, expresses particular concern for curtailing the "inequity inherent in permitting kidnapping prosecutions of those who in reality committed lesser or different offenses, of which temporary seizure or detention played an incidental part ... ." *See Berry* at 226.

## 2. Sufficiency of the Evidence Count II - Carrying or Using a Dangerous Weapon With the Intent to Use the Same Unlawfully Against Another During the Commission or Attempted Commission of the Crime of Kidnapping for Robbery

Baron was charged in Count II with Carrying or Using a Dangerous Weapon with the Intent to Use the Same Unlawfully Against Another During the Commission or Attempted Commission of a Crime of Violence, in violation of Title 14, Sections 2251(a)(2)(B) and 1052(a) of the Virgin Islands Code which provides in pertinent part:

(a) Whoever—

...

(2) with intent to use the same unlawfully against another, has, possesses, bears, transports, carries or has under his proximate control, a ... dangerous knife ...

...

(B) ... during the commission or attempted commission of a crime of violence ... .

14 V.I. CODE ANN. § 2251(a)(2)(B).

■ ■ The Virgin Islands dangerous weapon statute makes possession of a dangerous weapon a separate offense from a "crime of violence".[8] *Gov't of the V.I. v. Smith*, 558 F.2d 691, 696, 14 V.I. 42 (3d Cir.), *cert. denied*, 434 U.S. 957, 98 S. Ct. 486, 54 L. Ed. 2d 316 (1977). Where, there is no conviction on a predicate "crime of violence," an entry of acquittal is not the proper resolution. Moreover, there is no requirement that a defendant be convicted of a predicate crime to sustain a conviction pursuant to Section 2251(a)(2)(A).[9] Ergo, Baron's contention that an

---

[8] "Crime of violence" is defined in Title 23, Section 451(e) of the Virgin Islands Code to include the crimes of Kidnapping and Robbery. 23 V.I. CODE ANN. § 451(e).

[9] Subsection 2251(a)(2)(A) provides in pertinent part:

(a) Whoever—

...

(2) with the intent to use the same unlawfully against another has, posses, bears ... or has under his proximate control, a ... dangerous knife ... or any other dangerous or deadly weapon shall—

(A) be fined not more than $1,000 or imprisoned not more than two (2) years, or both ... .

14 V.I. CODE ANN. § 2251(a)(2)(A).

acquittal on Count I necessitates an acquittal on Count II, without more, is without merit.

### 3. Sufficiency of the Evidence Count III - Assault in the First Degree With Intent to Commit a Robbery; and Count V - Robbery in the First Degree

 Baron was charged in Count III with Assault in the First Degree with Intent to Commit a Robbery, in violation of Title 14, Section 295(3) of the Virgin Islands Code. Section 295(3) provides in pertinent part, "[w]hoever—(3) with the intent to commit ... robbery[,] assaults another ... ." 14 V.I. CODE ANN. § 295(3). Assault is defined as, "a threatening gesture showing in itself an immediate intention coupled with an ability to commit a battery[.]" 14 V.I. CODE ANN. § 291(2). To sustain its burden the Government must have proven beyond a reasonable doubt that Baron (1) made a threatening gesture towards Gonzalez, (2) with the intent to commit a robbery. As previously stated, Gonzalez testified that Baron placed a knife at her throat and demanded her bag, while continuing to put more pressure on the knife against her throat until she gave up her bag. (Tr. at 35.) Ergo, when a court views this evidence in the light most favorable to the Government, it finds that a rational jury could find beyond a reasonable doubt that the Government proved all the elements of Assault in the First Degree.

Count V charged Baron with Robbery in the First Degree, which is defined as a Robbery[10] wherein the defendant, "[d]isplays, uses or threatens the use of a dangerous weapon." 14 V.I. CODE ANN. § 1862(2). A dangerous weapon is "one which, from the manner used, is calculated or likely to produce death or serious bodily injury." *Woods v. Gov't of the V.I.*, No. 2004-88, 2006 U.S. Dist. LEXIS 59367 (D.C.V.I. Aug. 18, 2006).[11] When Baron produced a twelve-inch knife and held it to Gonzalez' throat, he was using the knife in a manner calculated or likely to produce death or serious bodily injury.

 In order for the Government to prove Robbery in the First Degree, it must have proven beyond a reasonable doubt, that Baron, (1)

---

[10] *See* definition of "Robbery" supra Part B.1.

[11] *Compare Gov't of the V.I. v. Soto*, 718 F.2d 72, 74 (3d Cir. 1983) (absent evidence to the contrary, a jury may reasonably infer from surrounding circumstances that a handgun is a "dangerous weapon" within the meaning of Section 1862(2) where it is treated and displayed as such by the holder, and perceived as such by the victim).

while displaying, using or threatening the use of a dangerous knife; (2) unlawfully took personal property from the possession or immediate presence of Gonzalez; (3) against her will; (4) by means of force or fear; and (5) with the intent to permanently deprive her of her personal property. The intent to permanently deprive Gonzalez of her personal property can be reasonably inferred in that there was no testimony that Baron ever returned or attempted to return Gonzalez' bag or the contents thereof.[12] A court reviewing this evidence in the light most favorable to the Government would also find that a rational jury could find beyond a reasonable doubt that the Government proved that Baron was guilty of Robbery in the First Degree.

### 4. Sufficiency of the Evidence Counts IV and VI - Carrying or Using a Dangerous Weapon With the Intent to Use the Same Unlawfully Against Another During the Commission or Attempted Commission of the Crimes of Assault in the First Degree and Robbery in the First Degree, Respectively

 Baron was charged in Counts IV and VI with Carrying or Using a Dangerous Weapon with the Intent to Use the Same Unlawfully Against Another During the Commission or Attempted Commission of a Crime of Assault in the First Degree, and Robbery in the First Degree, respectively, in violation of Title 14, Section 2251(a)(2)(B) of the Virgin Islands Code.[13] To sustain its burden for Counts IV and VI, the Government must have proven beyond a reasonable doubt that Baron (1) possessed or carried under his proximate control a dangerous knife, (2) which he intended to use unlawfully against Gonzalez, (3) during the commission or attempted commission of the crimes of Assault in the First Degree and Robbery in the First Degree against Gonzalez.

 The Court has already found that sufficient evidence was adduced to convict Baron of the offenses of Assault in the First Degree with Intent to Commit a Robbery and Robbery in the First Degree, respectively. Moreover, the testimony of Gonzalez is undisputed that

---

[12] Although the intent to permanently deprive is not required by the language of the Code itself, the Third Circuit has held that, insofar as the codified definition of Robbery is a restatement of the common law, the codified definition retains the requirement of intent to permanently deprive that existed at common law. *See Gov't of the V.I. v. Carmona*, 422 F.2d 95, 98, 7 V.I. 441 (3d Cir. 1970).
[13] *See* text of Section 2251(a)(2)(B) *supra* Part B.2.

Baron possessed a knife during the commission of those offenses. Finally, the jury could have reasonably inferred that the knife which Baron possessed was in fact a "dangerous weapon." A rational jury could therefore find that the Government proved beyond a reasonable doubt that Baron also committed the offenses enumerated in Counts IV and VI.

## III. CONCLUSION

In sum, Baron has failed to provide a basis for this Court to grant his Motion for a New Trial in the interest of justice in that he has cited to no error committed at trial and the weight of the evidence supports the convictions. Baron has also failed to provide support for his Motion for Acquittal on Counts II through VI based on insufficiency of the evidence, as a rational jury could have found him guilty when viewing the evidence in the light most favorable to the Government. Baron prevails, however, on his Motion for Acquittal on Count I in that this Court finds the period of confinement of Gonzalez by Baron, insufficient as a matter of law to support a conviction for kidnapping. An Order of even date follows.