859 A.2d 279

### NATIONWIDE MUTUAL INSURANCE COMPANY

v.

### Jaedon JOHNSON.

### No. 1825, Sept. Term, 2003.

Court of Special Appeals of Maryland.

Oct. 6, 2004.

---

Patricia McHugh Lambert (Hodes, Ulman, Pessin & Katz, P.A., on the brief), Towson, for Appellant.

John J. Condliffe (Shub-Condliffe & Condliffe, P.A.,on the brief), Towson, for Appellee.

Panel: DAVIS, DEBORAH S. EYLER and SHARER, JJ.

DAVIS, Judge.

On October 2, 2002, appellee Jaedon Johnson, by his next friend and mother Tammika Johnson (Johnson), filed a three-count complaint in the Circuit Court for Baltimore City against Damon Gaither (Gaither), Hartford Underwriters Insurance Company (Hartford), and appellant Nationwide Mutu-

al Insurance Company. The complaint arose from the death of appellee's father, Jermal Thomas (Thomas), who was killed while riding as a passenger in Gaither's uninsured motor vehicle. Count one of the complaint alleged a wrongful death claim against Gaither while count two asserted a breach of contract against Hartford, Thomas's insurer, for uninsured motorist coverage. The third count of the complaint alleged a breach of contract claim against appellant, Johnson's automobile insurer. Although Thomas was not insured under the policy provided by appellant, appellee maintained that Md. Code (2002 Repl. Vol.), Ins., § 19–509 required appellant to provide wrongful death coverage.

Subsequently, counts one and two of the complaint were voluntarily dismissed after Hartford paid its policy limit of $20,000. In regard to count three, appellee filed a motion for partial summary judgment on June 19, 2003 and appellant responded by filing a cross-motion for summary judgment on July 2, 2003. A hearing was conducted on July 28, 2003 and appellee's motion was granted by an order dated the same day. On September 15, 2003, a final judgment in the amount of $5,000 was entered against appellant.

Appellant filed its timely notice of appeal on October 7, 2003, presenting one question for our review:

Did the trial court err when it determined that [Ins. § 19–509] required an insurer to provide [uninsured motorist] coverage for the wrongful death of a person who was not an insured under the policy?

We answer appellant's question in the affirmative and, therefore, we shall reverse the judgment of the circuit court.

## FACTUAL BACKGROUND

On March 6, 2002, Thomas was killed in a two-vehicle accident while traveling as the passenger in an uninsured vehicle operated by Gaither. As the automobile traveled westbound on Cold Spring Lane, Gaither lost control, crossed the center line, and struck another vehicle. It is undisputed that Gaither's negligent driving caused Thomas's death. Al-

though Gaither did not have automobile insurance coverage, Thomas carried an uninsured motorist policy with Hartford in the amount of $20,000. Additionally, appellee's mother, Johnson, carried an automobile insurance policy with appellant, which provided uninsured motorist coverage in the amount of $25,000 per person and $50,000 per occurrence. The policy issued by appellant, however, only provided coverage for the named insured and any relative.[1] At the time of the accident, Johnson was the only named insured on the policy. Furthermore, Thomas did not reside with Johnson during the five years prior to his death and the two were never married. Although appellee lived with Johnson and was considered a relative under her policy, Thomas did not fit the definition of an insured or relative. Consequently, when appellee filed a claim with appellant regarding Thomas's death, appellant asserted that no coverage existed and denied the claim.

As noted, *supra*, appellee filed a complaint in the Circuit Court for Baltimore City, naming appellant as one of the defendants. The parties subsequently filed motions for summary judgment on the issue of whether appellant was obligated to provide uninsured motorist coverage. Appellee argued that, notwithstanding the apparent lack of coverage for Thomas under the policy, appellant was required to provide coverage for appellee's claim because, under Maryland law, the decedent does not necessarily need to be the insured. For support, appellee cited an alternative holding in *Forbes v. Harleysville Mutual*, 322 Md. 689, 589 A.2d 944 (1991), to the effect that an insured is covered under his or her uninsured

---

1. Johnson's policy provided, in pertinent part:
   We [appellant] will pay compensatory damages, including derivative claims, which are due by law to you or a relative from the owner or driver of an uninsured motor vehicle because of bodily injury suffered by you or a relative ...
   "YOU" and "YOUR" mean the policyholder and spouse if living in the same household.
   ...
   "Relative" means one who regularly lives in your household and who is related to you by blood, marriage or adoption (including a ward or foster child). A relative may live temporarily outside your household.

motorist policy as long as the insured is entitled to recover from the owner or operator of an uninsured vehicle because of bodily injuries or death. Because appellee was an insured under the policy and because he was entitled to collect from Gaither for the death of Thomas, appellee asserted that he was entitled to coverage. Appellant responded that Ins. § 19–509, which was amended at the time of the *Forbes* decision to specifically include a wrongful death provision, did not require coverage unless the decedent was the insured. After a hearing, the trial court granted appellee's motion, holding that the "issue is controlled by the Court of Appeals' alternative holding in *Forbes,* notwithstanding the language of § 19–509(c)(2) of the Insurance Article."

## LEGAL ANALYSIS

As in the trial court, appellant argues that Ins. § 19–509 does not require it to provide coverage for appellee's claim. According to appellant, because Thomas was not an insured under the policy and because coverage is not mandated by Ins. § 19–509, it is not obligated to provide uninsured motorist benefits for the wrongful death of Thomas. Appellee responds, as he did in the circuit court, by relying on the alternative holding found in *Forbes.* Despite the language in Ins. § 19–509 suggesting that coverage does not exist, appellee maintains that the holding set forth in *Forbes* is dispositive.

The trial court may grant summary judgment only when "there is no genuine dispute of material fact" and "the party in whose favor judgment is entered is entitled to judgment as a matter of law." Md. Rule 2–501(e); *Bagwell v. Peninsula Reg'l Med. Ctr.,* 106 Md.App. 470, 488, 665 A.2d 297 (1995). If we determine that there is no dispute of material fact, then our role is to decide whether the trial court was correct in granting summary judgment as a matter of law. *Beatty v. Trailmaster Prods. Inc.,* 330 Md. 726, 737, 625 A.2d 1005 (1993); *Tennant v. Shoppers Food Warehouse Md. Corp.,* 115 Md.App. 381, 386, 693 A.2d 370 (1997). Whether sum-

mary judgment is properly granted as a matter of law is a question of law and, therefore, review of the granting of summary judgment is *de novo. Eng'g Mgmt. Servs. v. Md. State Highway Admin.,* 375 Md. 211, 229–30, 825 A.2d 966 (2003). "The standard of appellate review of a summary judgment is whether it is 'legally correct.'" *Id.* at 229, 825 A.2d 966.

■ Ins. § 19–509 provides, in pertinent part:

(c) *Coverage required.*—In addition to any other coverage required by this subtitle, each motor vehicle liability insurance policy issued, sold, or delivered in the State after July 1, 1975, shall contain coverage for damages, subject to the policy limits, that:

(1) the insured is entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injuries sustained in a motor vehicle accident arising out of the ownership, maintenance, or use of the uninsured motor vehicle; and

(2) a surviving relative of the insured, who is described in § 3–904 of the Courts Article, is entitled to recover from the owner or operator of an uninsured motor vehicle because the insured died as the result of a motor vehicle accident arising out of the ownership, maintenance, or use of the uninsured motor vehicle.

Under the plain meaning of Ins. § 19–509(c)(1), an "insured is entitled to recover . . . because of bodily injuries sustained in a motor vehicle accident," which suggests that the insured may only recover for injuries he or she sustained. The wrongful death provision in Ins. § 19–509(c)(2) states that a "surviving relative of the insured . . . is entitled to recover . . . because the insured died as a result of a motor vehicle accident," thereby indicating that the decedent must be the insured in order for a plaintiff to prevail under a claim for uninsured motorist benefits.

Appellee concedes that Ins. § 19–509(c)(2) is not applicable because Thomas was not an insured under the policy issued by appellant. He instead argues that the language in Ins. § 19–

509(c)(1) applies because, under *Forbes*, the language not only allows an insured plaintiff to recover for the injuries he or she sustained in an automobile accident, but also for damages an insured plaintiff is entitled to recover due to the injury or death of another, regardless of whether the other is insured. Applying his interpretation to the facts of the instant case, appellee asserts that he is an insured plaintiff who is entitled to recover damages for the death of another person, namely Thomas.

Turning to the decision in *Forbes*, we note that the factual scenario confronted by the Court of Appeals in that case was in some regards similar to the facts in the case *sub judice*. In *Forbes*, the plaintiff and his wife, although married with two children, lived apart, with both children residing with the wife. The wife was killed in an automobile accident while riding as a passenger in an uninsured vehicle. The children, who were also passengers in the vehicle, suffered injury but survived the accident. Subsequently, the plaintiff filed an action against his uninsured motorist carrier for the personal injuries of the two children. He also filed actions on behalf of the children and the wife for the wrongful death of his wife. The plaintiff was a named insured under the policy and coverage was also provided for the children. It was unclear, however, whether the wife was an insured because she no longer resided with the plaintiff.

The insurer in *Forbes* argued that, under Md. Code (1957, 1991 Repl. Vol.), Art. 48A, § 541(c)(2) [2], the predecessor to Ins. § 19-509, it was not required to provide wrongful death benefits because the wife was not an insured under the

---

**2.** Section 541(c)(2) stated in relevant part:

In addition to any other coverage required by this subtitle, every policy of motor vehicle liability insurance issued, sold, or delivered in this State after July 1, 1975 shall contain coverage, in at least the amounts required under Title 17 of the Transportation Article, for damages which the insured is entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injuries sustained in an accident arising out of the ownership, maintenance, or use of such uninsured motor vehicle.

plaintiff's policy. In response, the Court of Appeals set forth two holdings. First, it concluded that the wife was an insured under the plaintiff's policy despite the marital separation. *Forbes*, 322 Md. at 702–08, 589 A.2d 944. Alternatively, the Court held that, even if the wife was not an insured, § 541(c)(2) mandated that the children's wrongful death claims be covered by the uninsured motorist policy. *Id.* at 708–09, 589 A.2d 944. Although § 541(c)(2) did not explicitly address whether wrongful death claims were covered, the Court reasoned that the legislature intended such claims to be covered under the statute. *Id.* Furthermore, the Court concluded that nothing in § 541(c)(2) required that the decedent be the insured in order for the section to be applicable. *Id.* at 709, 589 A.2d 944. The Court opined:

> The Forbes children's wrongful death claims squarely fall within this statutory language even if their mother at the time of the accident was not an "insured" under the language of [the plaintiff's] policy. The children are "insureds" under the [plaintiff's] policy. Under Maryland's wrongful death statute, the children are legally entitled to damages from the owner or operator of an uninsured motor vehicle because of the death of their mother sustained in an accident arising out of the operation of the uninsured vehicle. In fact, a judgment against the owner and operator of the uninsured vehicle has been recovered on their behalf. The claims of the insured children clearly are embraced by the critical coverage language of § 541(c)(2).

*Id.*

Because the controlling language from § 541(c)(2) now appears in Ins. § 19–509(c)(1), appellee argues that *Forbes* is applicable. In other words, just as the children in *Forbes*, appellee contends that his wrongful death claim falls squarely within the statute because he is an insured entitled to collect from an uninsured motorist. Likewise, appellee also asserts that it should make no difference that the decedent, Thomas, was not an insured. Appellee overlooks, however, the circumstances surrounding the *Forbes* decision and the revision of § 541(c)(2).

The decision in *Forbes* was filed on May 10, 1991. As noted, *supra*, *Forbes* analyzed whether § 541(c)(2) required uninsured motorist coverage for wrongful death claims. Contemporaneously, section 541(c)(2) was revised by Ins. § 19–509, which the General Assembly passed on April 7, 1991 and which became effective on July 1, 1991. In amending the statute, the legislature used part of the language from § 541(c)(2) in drafting Ins. § 19–509(c)(1), thus retaining the coverages afforded by § 541(c)(2).

Ins. § 19–509(c)(2), on the other hand, was an entirely new section that was aimed at providing uninsured motorist coverage for wrongful death claims. The revision of § 541(c)(2) was due in large part to a decision rendered by this Court in *Globe American Casualty Co. v. Chung*, 76 Md.App. 524, 547 A.2d 654 (1988), *vacated by Globe American Casualty Co. v. Chung*, 322 Md. 713, 589 A.2d 956 (1991). The Court of Appeals held that § 541(c)(2) did not apply to wrongful death claims. The General Assembly's subsequent revision sought to counteract the *Globe* decision by adding the language found in Ins. § 19–509(c)(2). Therefore, the revision of § 541(c)(2) was in reaction to *Globe* and was unrelated to *Forbes*. In fact, Ins. § 19–509 was passed one month before *Forbes*. Additionally, *Forbes* was not in reaction to—or an application of—Ins. § 19–509 because the statute did not become effective until two months after *Forbes*. It can also be inferred from the timing of *Forbes* and the legislative revision of § 541(c)(2) that the Court of Appeals sought to accomplish in *Forbes*, at least in part, what the General Assembly did when it revised § 541(c)(2)—namely, establishing that uninsured motorist policies covered wrongful death claims.

Based on the aforementioned facts, it is apparent that the passage of Ins. § 19–509 invalidated *Forbes*. *Forbes* was based solely on § 541(c)(2), a statute which left ambiguous the question of whether uninsured motorist policies were required to cover wrongful death claims. With the enactment of Ins. § 19–509, the General Assembly fully addressed the issue of wrongful death coverage with the additional language found in

Ins. 19–509(c)(2). Consequently, the controlling language in the case *sub judice* is Ins. § 19–509 and not *Forbes*.

Because the General Assembly included a subsection specifically addressing wrongful death claims—Ins. § 19–509(c)(2)—it is evident that the legislature intended the subsection to regulate all instances in which a claimant seeks wrongful death benefits under an uninsured motorist policy. Thus, contrary to appellee's argument, Ins. § 19–509(c)(1) does not apply. A plain reading of Ins. § 19–509(c)(1) indicates that the subsection addressed instances in which an insured sustains bodily injury. Turning to the governing language of Ins. § 19–509(c)(2), the statute mandates that all uninsured motorist policies contain coverage for damages that "a surviving relative *of the insured* ... is entitled to recover from the owner or operator of an uninsured motor vehicle because the *insured* died as the result of a motor vehicle accident...." (Emphasis added.) Applying the plain language of the subsection to the instant case, we hold that appellee's wrongful death claim was not covered because Thomas was not the insured. Accordingly, the trial court erred in granting summary judgment in appellee's favor.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY REVERSED.**

**COSTS TO BE PAID BY APPELLEE.**